**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Raymond FRANCO, Defendant-Appellant.**

**No. 27026**

**Summary Calendar.**

United States Court of Appeals
Fifth Circuit.

June 16, 1969.

Certiorari Denied Oct. 13, 1969.
See 90 S.Ct. 95.

Richard Kanner, Miami, Fla., for appellant.

Edward F. Boardman, U.S.Atty., Tampa, Fla., Kendell W. Wherry, Asst.U.S. Atty., Orlando, Fla., for appellee.

Before JOHN R. BROWN, Chief Judge, and THORNBERRY and MORGAN, Circuit Judges.

PER CURIAM:

■ Appellant was convicted by the court under 18 U.S.C. § 2314 of causing the transportation in interstate commerce of falsely made and forged securities with unlawful and fraudulent intent, knowing the same to have been falsely made and forged. The essential facts can be stated with brevity: On April 12, 1967, two wooden boxes containing 42,-000 blank American Express traveler's checks worth $620,000 were stolen in New York City; about four weeks later, appellant passed five of these checks at an Oldsmobile agency in Orlando, Florida. He assigns four errors on appeal from his conviction, but we find none of them persuasive.[1]

■ The $10 traveler's checks passed by Mr. Franco at the Oldsmobile agency bore the signature of Victor Duarte as purchaser and the counter signature of Victor Duarte. Appellant's first point is that a stolen blank traveler's check later filled in by someone is not a forged security within the meaning of the statute. We held otherwise in Castle v. United States, 5th Cir. 1961, 287 F.2d 657, 660. His second and related point is that there was no evidence to show that the signature and counter signature of Victor Duarte were forged and hence no evidence to show that he was in possession of a forged security. As indicated by Castle v. United States and also Berry v. United States, 5th Cir. 1959, 271 F.2d 775, a stolen blank traveler's check becomes a forged security when someone fills in the signature spaces even if he uses his own signature. This is because a traveler's check is cashed on the credit of the issuer. Since American Express had never issued these traveler's checks to anyone, the first person to fill them in, even if he used his own signature, necessarily created forged securities and the first negotiator of the forged securities was necessarily a forger.

■ Thirdly, appellant complains of the testimony of a service station manager to the effect that he cashed additional checks not charged in the indictment for an unidentified person traveling with Franco. Even if we concede that it is possible in a nonjury trial for undue prejudice to result from the improper admission of evidence, we think the evidence complained of here was admissible on the issue of intent because it involved related conduct not too remote in point of time. See Lindsey v. United States, 5th Cir. 1955, 227 F.2d 113, 117.

Finally, it is contended that the evidence is insufficient to show that appellant knew he was transporting forged

---

1. Pursuant to new Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the Clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5th Cir. 1969, 409 F.2d 804, Part I.

securities. Taking the evidence in the light most favorable to the Government, particularly appellant's possession of the securities, we think the trial court could reasonably infer such knowledge.

Affirmed.