**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Cheryl Ann LAW, a/k/a Ellen Stuart,
Defendant-Appellant.**

**No. 29969
Summary Calendar.**\*

United States Court of Appeals,
Fifth Circuit.

Dec. 28, 1970.

Jack R. Nageley, Miami Beach, Fla., for defendant-appellant.

Robert W. Rust, U. S. Atty., Lloyd G. Bates, Jr., Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

\* ■ Rule 18, 5th Cir.: *See* Isbell Enterprises v. Citizens Casualty Co. of N. Y., 431 F.2d 409, Part I.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

On January 19, 1969, a branch office of the First State Savings and Loan Association in Pittsburgh, Pennsylvania, was burglarized. A series of American Express traveler's checks were stolen, including one numbered EA 51–409–390. The forgery of this check and others was ultimately the subject of an indictment which culminated in the conviction of Appellant, Cheryl Ann Law. In appealing her conviction the defendant asserts that the failure of the government to prove her real name was not the same as that she affixed to the traveler's checks requires reversal. It is Miss Law's contention that forgery requires a check to be signed with a false name, and the use of a false name can be shown only if one's real name is proven. We disagree and affirm her conviction.

In February of 1969, the defendant cashed two books of ten 20 dollar traveler's checks at the Hialeah Race Track in Hialeah, Florida. The checks were countersigned "Ellen Stuart" in the presence of George Meyer, a track cashier, and the defendant supplied Mr. Meyer an Ohio driver's license which bore this same name.

These checks, which included check EA 51–409–390, were sent to the First National Bank of Miami, which then forwarded them to the American Express Company in New York City for collection.

During approximately this same time period, the defendant again countersigned the name "Ellen Stuart" and, using the same Ohio driver's license, cashed a total of four other books of ten 20 dollar traveler's checks at the race track and at the Biscayne Kennel Club. Her luck waned, however, for as she attempted to cash another two books of checks at the window of cashier Paul O'Kane, the Mutuel Manager was summoned and she was arrested.

The defendant was indicted in two counts under the name Cheryl Ann Law —(1) for possessing stolen traveler's checks, knowing the same to have been unlawfully taken from a bank or savings and loan association in violation of 18 U.S.C.A. § 2113(c) (1970), and (2) for causing check EA 51–409–390, a falsely made and forged security, to be transported in commerce, knowing it to be falsely made and forged, in violation of 18 U.S.C.A. § 2314 (1970). Upon the initial trial a jury acquitted the defendant of the Section 2113(c) charge, but was unable to agree on guilt as to the Section 2314 violation, whereupon the trial judge declared a mistrial as to this second charge.

Upon retrial of the Section 2314 violation, after submission of the case and during the course of its deliberations, the jury asked the court for further instructions on two questions: (i) the definition of forgery, and (ii) whether Cheryl Ann Law was legally known as Ellen Stuart. The judge thereupon defined forgery as "the false making with intent to defraud of any writing which if genuine might apparently be of legal efficacy or the foundation of a legal liability," but he refused to answer the second question, reasoning "there was no evidence on that subject [whether Cheryl Ann Law was legally Ellen Stuart] that I know of, so I cannot go back and try the case very well. You would have to have some evidence to raise that issue."

Defendant asserts that the trial court's definition of forgery, as it pertained to the indictment, assumed facts which were never presented in evidence. Specifically she claims that, in defining forgery for the jury, the court indirectly assumed that the defendant had signed the check with a false name, although there was no evidence on this point.

This polemic, however, wrongfully assumes that the name used to sign the stolen checks is of material importance. It is not. The Circuit, in rejecting this specious argument, declared in United

States v. Franco, 413 F.2d 282, 283 (1969):

> * * * a stolen blank traveler's check becomes a forged security when someone fills in the signature spaces even if he uses his own signature. This is because a traveler's check is cashed on the credit of the issuer. Since American Express had never issued these traveler's checks to anyone, the person to fill them in, even if he used his own signature, necessarily created forged securities and the first negotiator of the forged securities was necessarily a forger.

Since it made no difference who signed the checks, error in the court's response would have to be based upon a deduction that the court implied that a false name was used, when dealing with the checks. We cannot deduce any such implication from the record. Even if we could have, it would have been harmless beyond a reasonable doubt.

Additionally, we should add that no objection as required by Fed.R.Crim. P. 30 was lodged after the trial court stated the definition of forgery to the jury. Thus, for the additional instruction to be grounds for reversal, it would have to be plain error within the purview of Fed.R.Crim.P. 52(b). From a close scrutiny of the record no error, let alone error of Rule 52(b) magnitude, is apparent. The conviction of Cheryl Ann Law is

Affirmed.