**UNITED STATES of America,
Appellee,
v.
John Joseph POWERS, Appellant.
No. 25308.**

United States Court of Appeals,
Ninth Circuit.
Jan. 20, 1971.

Charles G. Warner, argued, San Francisco, Cal., for appellant.

Richard W. Nichols, argued, Asst. U.S. Atty., Dwayne Keyes, U.S. Atty., Sacramento, Cal., for appellee.

Before HAMLEY and WRIGHT, Circuit Judges, and BURKE, District Judge.*

HAMLEY, Circuit Judge:

John Joseph Powers appeals from his conviction for transporting an altered security in interstate commerce in viola-

* The Honorable Lloyd H. Burke, United States District Judge for the Northern

tion of the third paragraph of 18 U.S.C. § 2314.

Under the statute, it must be proved that the defendant transported the security in interstate or foreign commerce "with unlawful or fraudulent intent." Powers argues that this required the United States to prove that he knew or should have known that the money order he cashed would go into interstate commerce and that he fraudulently placed the security into interstate commerce to escape state prosecution. Powers correctly notes that the Government did not prove the existence of either of these circumstances.

There is no requirement under 18 U.S.C. § 2314 that the accused know, foresee, or intend that instrumentalities of interstate commerce will be used. United States v. Sheridan, 329 U.S. 379, 67 S.Ct. 332, 91 L.Ed. 359 (1946), relied upon by defendant, is not to the contrary. In fact, note 11, on page 385, 67 S.Ct. 332 of that opinion supports the view expressed above.

Powers also attacks the instruction given to the jury on the defense of insanity.

The trial court, bound by the then existing law of the Ninth Circuit (*see* Ramer v. United States, 390 F.2d 564 (9th Cir. 1968); Sauer v. United States, 241 F.2d 640 (9th Cir. 1957)), gave a modified *M'Naghten* instruction. Defendant offered and the court rejected an instruction set out in the A.L.I. Model Penal Code. During the pendency of Powers' appeal, however, this court abandoned the *M'Naghten* rules and adopted the first paragraph of section 4.01 of the A.L.I. Model Penal Code (Final Draft, 1962) as a rule of criminal responsibility for this Circuit. Wade v. United States, 426 F.2d 64 (9th Cir. 1970).

The Government concedes that the case now before us falls within the limited retroactivity of the *Wade* decision, since Powers' conviction had not become

District of California, sitting by designation.

final on the date *Wade* was announced. The Government also agrees that, under the circumstances, failure to object to the instruction given does not preclude defendant from questioning the insanity instruction on this appeal. *See* United States v. Wanger, 426 F.2d 1360 (9th Cir. 1970).

It is the Government's position, however, that no prejudicial error resulted from giving the *M'Naghten* instruction on insanity rather than the instruction subsequently approved in *Wade.*

This court in United States v. Porter, 431 F.2d 7 (9th Cir. 1970), held that the failure to give the *Wade* instruction on insanity can be, and was in that case, non-prejudicial error. In *Porter,* we noted that "the Government's evidence established, almost conclusively, that defendant would not have been able to prove that he lacked 'substantial capacity either to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of law.' " 431 F.2d at 8–9. In that case, no significant evidence was offered by the defense to refute the Government experts' conclusions that the defendant was sane at the time of the commission of the offense.

█ The case now before us is substantially different. Dr. Edward J. Delehanty, a psychiatrist, testified as an expert witness for the defense and was cross-examined by the prosecution. This witness not only testified repeatedly that Powers was unable to make a judgment between right and wrong, but also discussed other aspects of the defendant's mental condition. Dr. C. H. Hardin Branch, the Government's expert witness, testified to Powers' mental condition, expressing his opinion that the defendant was competent to stand trial and was sane at the time the offense was committed. His responses to questions framed strictly within the *M'Naghten,* definition of insanity were unequivocal and no doubt weighed heavily with the jury.

As the case went to the jury, there was dramatically conflicting testimony on the issue of sanity. Keeping in mind this posture of the evidence, we are unable to say with assurance that the difference between the *M'Naghten* instruction and the *Wade* instruction was not prejudicial. The jury did not believe Powers was "incapable of distinguishing between right and wrong, or incapable of knowing the nature of the act he is committing," or that "his will * * * has been so completely destroyed that his actions are not subject to it * * *." However, there were parts of Dr. Delehanty's testimony which the jury might well have considered more seriously, or viewed in a different light, had the instruction on insanity utilized the A.L.I. test approved in *Wade.*

The Government urges upon us the reasoning of Pope v. United States, 372 F.2d 710 (8th Cir. 1967), sentence vacated on another point and remanded for resentencing, 392 U.S. 651, 88 S.Ct. 2145, 20 L.Ed.2d 1317 (1968), to the effect that as long as positive findings are required on the three elements of cognition, volition, and capacity to control behavior, a jury will return the same verdict under the *M'Naghten,* and *Wade* insanity instruction. *Id.* at 735–737. This court implicitly rejected this theory when it announced approval of the A.L.I. test in *Wade.*[1] The problem cannot be dismissed as one of insubstantial semantic distinctions.

Reversed and remanded for a new trial.

---

1. *See* Wade v. United States, 426 F.2d 64, 71 (9th Cir. 1970), discussing the critical differences between the modified *M'Naghten* and A.L.I. instructions.