**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Charles GRIDER, Defendant-Appellant.**

**No. 71–1264.**

United States Court of Appeals,
Tenth Circuit.

Feb. 2, 1972.

Charles W. Ellis, Oklahoma City, Okl., for defendant-appellant.

Jeff R. Laird, First Asst. U. S. Atty. (William R. Burkett, U. S. Atty., Oklahoma City, Okl., with him on the brief), for plaintiff-appellee.

Before LEWIS, Chief Judge, and McWILLIAMS and BARRETT, Circuit Judges.

LEWIS, Chief Judge.

After trial to a jury in the District Court for the Western District of Oklahoma, appellant Grider was found guilty of a violation of 18 U.S.C. § 2314, unlawfully causing the interstate transportation of a falsely made and forged security. His appeal challenges the sufficiency of the evidence to support conviction and additionally asserts trial error in the admission of evidence concerning an offense not charged in the indictment. Also charged in the indictment was one Dennis Lee Rhoades. Rhoades pleaded guilty and testified for the prosecution in the case at bar.

The involved security was a Travelers Express Money Order, one of forty-one blank money orders drawn upon a Minnesota bank and stolen, together with a check protector, on June 10, 1970, during a burglary from a store in Enid, Oklahoma. The subject money order, filled out to Daniel J. Rhoades and imprinted by the stolen check protector for $78.00, was cashed in an Oklahoma store on July 11 and subsequently rejected by the Minnesota bank as a forgery. On June 16, in Tennessee, another of the stolen money orders similarly made out and imprinted was cashed and subsequently rejected for payment.

The witness Rhoades and appellant were companions and, together with others, were living in the same house in Enid, Oklahoma, during June 1970. Rhoades testified that on June 10 he was in possession of the stolen money orders and check protector and that he filled out both checks, the subject check in the presence of appellant, in his own handwriting and by use of the protector.[1] Soon thereafter, the witness stated, he and appellant went to the Oklahoma store where the check was cashed. The witness did not enter the store nor did he endorse the check.[2] However, appellant gave him part of the proceeds resulting from the transaction.

The witness Rhoades is the uncle of the assumed payee, Daniel Rhoades, and had his nephew's driver's license. The license was used for identification in the cashing of each instrument. Appellant's fingerprints were found on the Tennessee money order.

Emphasizing that there is no direct evidence that Grider ever endorsed or cashed either money order, appellant contends the circumstances rise no higher than the aura of suspicion and cannot support the conviction. *Cf.* Glover v. United States, 10 Cir., 306 F.2d

---

1. Expert testimony corroborated the witness as to the handwriting and use of the protector.

2. Expert testimony corroborated the witness that the endorsement was not in his handwriting.

594. We do not agree, and, to the contrary, consider the proof completely adequate to establish appellant's guilt. So, too, we find no merit to the claim of trial error in the admission of evidence concerning the Tennessee incident. Consideration of this evidence as it pertained to the crime charged was carefully and properly limited in the trial court's charge and presents a factual and legal situation almost identical to that recently considered by this court in United States v. Carter, 433 F.2d 874.

Affirmed.