**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Lester Morris PICKENS, a/k/a Feelix
Graham and Felix Graham,
Defendant-Appellant.**

**No. 71–1557.**

United States Court of Appeals,
Tenth Circuit.

Aug. 31, 1972.

————◆————

Adrian M. Farver, Asst. U. S. Atty., Topeka, Kan. (Robert J. Roth, U. S. Atty., Topeka, Kan., with him on the brief), for plaintiff-appellee.

Robert L. Roberts, Topeka, Kan., for defendant-appellant.

Before PICKETT, HOLLOWAY and McWILLIAMS, Circuit Judges.

PICKETT, Circuit Judge.

Appellant Pickens appeals from a conviction on a seven-count indictment charging him with knowingly transporting or causing to be transported in interstate commerce falsely made or forged securities, in violation of 18 U.S.C. § 2314 (1970). He was sentenced to imprisonment for five years on each count, to be served concurrently.

On July 21, 1970, two persons, one a black male, stole sixty-six blank Travelers Express Money Orders from the Tradeway Grocery Store at Odessa, Texas. Seven of these money orders, which later became the basis for the indictment, were cashed in four Kansas cities. Each of these money orders named Felix Graham as payee, and Beth Graham as drawer. In each instance the person cashing the money orders assumed the name of Felix Graham and in several transactions produced for identification a driver's license issued by the State of Texas to Felix Graham.[1]

Although only one of the employees of the banks and places of business in which the money orders were cashed positively identified Pickens, the description given by other employees generally matched Pickens' appearance. In

---

1. Mr. Graham of Dallas, Texas testified that he had recently lost or had stolen from him his billfold containing the Texas driver's license that was later used in negotiating the stolen money orders.

addition, Larry W. Habluetzel, an officer of the Commerce State Bank of Topeka, Kansas, testified that a tall, smartly-dressed young black male attempted to cash Travelers Express Money Order No. 52–0124960 on August 13, 1970, and that he identified himself as Felix Graham. Habluetzel refused to approve the cashing of the check because he intuitively felt that something was wrong. Because of this suspicion he photographed the check before returning it and took the license number of the car which the party entered after leaving the bank.[2] Habluetzel could not positively identify Pickens as the person who presented the money order, but said that he was "a very good resemblance." His secretary, however, positively identified Pickens as the person who presented the money order. This same money order was later negotiated by a man again identifying himself as Felix Graham.

One of the stolen money orders was also presented for negotiation in Tucumcari, New Mexico, in July of 1970.[3] Pickens' fingerprint was on this money order, which was admitted in evidence over objection of defense counsel, with the instruction that it could be considered "only to establish a course of conduct, or a common scheme, or a design or intent on the part of the defendant." The evidence was admissible and appellant's contentions to the contrary are without merit. United States v. Hampton, 458 F.2d 29 (10th Cir. 1972); United States v. Grider, 454 F.2d 713 (10th Cir. 1972); United States v. Carter, 433 F.2d 874 (10th Cir. 1970).

Pickens contends that the court's instruction to the jury on aiding and abetting was improper because of insufficient proof for conviction as an aider and abettor on all counts since he was positively identified as the individual cashing the money order in only one instance. 18 U.S.C. § 2(a) (1970) provides that "[w]hoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal." See United States v. Harris, 441 F.2d 1333 (10th Cir. 1971). "In order for one to be guilty as an aider and abettor the evidence must establish that he had participated in the criminal transaction or transactions charged in the indictment." United States v. Key, 458 F.2d 1189, 1191–1192 (10th Cir. 1972); Roth v. United States, 339 F.2d 863 (10th Cir. 1964). The government's evidence is sufficient to show that Pickens associated himself with others and participated in the negotiation of the stolen money orders. All of the money orders were stolen from the same store in Texas and were negotiated within a short period of time thereafter. When identification was requested, the stolen or lost identification papers of Felix Graham were displayed. In some instances another person accompanied the person identifying himself as Felix Graham. The evidence was not only sufficient for the jury to find that Pickens had associated himself with the criminal enterprise, but that he was a principal.

Appellant also contends that the aiding and abetting instruction was erroneous because Pickens was not specifically charged in the indictment as an aider and abettor. Under proper circumstances an instruction on aiding or abetting may be given in cases where the indictment does not allege a violation of the aiding and abetting statute, 18 U.S.C. § 2 (1970). Nye & Nissen v. United States, 336 U.S. 613, 69 S.Ct. 766, 93 L.Ed. 919 (1949); Lawrence v. United States, 357 F.2d 434 (10th Cir. 1966); Von Patzoll v. United States, 163 F.2d 216 (10th Cir. 1947), cert. denied, 332 U.S. 809, 68 S.Ct. 110, 92 L. Ed. 386 (1947). See also Wood v. United States, 405 F.2d 423 (9th Cir. 1968), cert. denied, 395 U.S. 912, 89 S.Ct. 1756, 23 L.Ed.2d 224 (1969).

Affirmed.

---

2. This car was owned by and registered in the State of Texas in the name of Lester Morris Pickens.

3. This money order was not one of those described in the indictment.