**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Michael Matthew ROBY, Defendant-
Appellant.**

**No. 73–1441.**

United States Court of Appeals,
Tenth Circuit.

Submitted Nov. 14, 1973.

Decided March 13, 1974.

Rehearing Denied Aug. 26, 1974.

---

**152**

Richard D. Judd of Reno & Judd, Denver, Colo., for defendant-appellant.

Monti Belot, Asst. U. S. Atty., Topeka, Kan. (Robert J. Roth, U. S. Atty., D. Kan., E. Edward Johnson, Asst. U. S. Atty., Topeka, Kan., and Stephen K. Lester, Asst. U. S. Atty. (Trial Atty.), on the brief), for plaintiff-appellee.

Before MURRAH, HOLLOWAY and DOYLE, Circuit Judges.

MURRAH, Circuit Judge.

Michael Roby appeals his conviction on a nine-count indictment for interstate transportation, with fraudulent intent, of falsely made, forged, altered and counterfeited securities in violation of 18 U.S.C. § 2314. He asserts that evidence as to the interstate transportation was insufficient to sustain his conviction, that the securities in question (Republic Money Orders) were not proven to be falsely made, forged and counterfeited, that the trial court erroneously admitted identification testimony against him and, finally, that the trial court failed to define the essential elements of the offense.

It was established at trial that Roby cashed money orders in Wichita, Kansas, which were presented for payment to the Republic National Bank of Dallas, Texas. A Republic Bank official testified that the money orders in question were among a shipment sent by his bank to Kansas City, Missouri, stolen at a Safeway Store there in 1970, and eventually returned "in normal banking channels" to Dallas, where the words "Payment Stopped" were printed on them and a record made of their arrival. Roby's complaint that this evidence failed to show "the elements of transportation" is without legal significance. It is well established that the "specific means" of interstate transportation need not be established, Pereira, et al. v. United States, 347 U.S. 1, 9, 74 S.Ct. 358, 98 L.Ed. 435 (1953), and that the cashing of a check or money order in one state drawn on a bank in another state is competent evidence that the instrument "would, of necessity, have to travel in interstate commerce." Carlton v. United States, 391 F.2d 684, 685, n. 1 (8th Cir. 1968). See United States v. Hill, 468 F.2d 899 (5th Cir. 1972); Devine v. United States, 403 F.2d 93 (10th Cir. 1968); Halfen v. United States, 324 F.2d 52 (10th Cir. 1963). Sufficient circumstantial evidence was available to

satisfy the jury beyond a reasonable doubt that the prohibited interstate transportation, as alleged in the indictment, actually occurred. United States v. Teresa, 420 F.2d 13 (4th Cir. 1969).

Roby next contends that a distinction must be made between a forged security and a forged endorsement on a security, and that insufficient proof was offered to show that the money orders in question were, in themselves, "falsely made, forged, and counterfeited," as required by the statute. This premise is not without merit, since there is persuasive evidence that the portion of 18 U.S.C. § 2314 which requires no jurisdictional amount, and forms the basis for the indictments in this case, was intended to reach the "multiplying" of forged securities "on a large scale," not simply the forging of a signature on an already valid document.[1] Appropriately, therefore, this Court has held before, in a case involving a bogus cashier's check, that "a false endorsement is not a criminal offense under § 2314." Pauldino v. United States, 379 F.2d 170, 172 (10th Cir. 1967).[2] *See also* Beatty v. United States, 357 F.2d 19, 22 (10th Cir. 1966).[3]

■ Under the facts of the present case, however, there is ample evidence for the jury to conclude that Roby violated the statute. Roby was identified as having stolen a "check protector" device used to fill in the store number and face amount of the nine money orders in question, is shown by Regiscope [4] photograph cashing most of them, and left latent fingerprints on six out of nine of them. The totality of the above is persuasive circumstantial evidence of sufficient preparation of the previously blank money orders so as to constitute "forgery" or the "false making" of them by Roby, not simply the forging of an endorsement on a security. Moreover, since the statute speaks in terms of "knowing [the securities] to have been falsely made, forged, altered, or counterfeited . . . ," the jury could have properly concluded that "the appellant had a sufficient connection with the fraudulently completed money orders to be held to possess the necessary guilty knowledge." McGee v. United States, 402 F.2d 434, 437 (10th Cir. 1968). *See also* United States v. Boone, 470 F.2d 908 (4th Cir. 1972); United States v. Smith, 426 F.2d 275 (6th Cir. 1970); Cloud v. United States, 361 F.2d 627 (8th Cir. 1966).

■ Fully recognizing the damning nature of the testimony by a grocery store employee identifying him as having stolen the check protector used to prepare the money orders in question, Roby next contends that the trial court

---

1. *See* letter from Attorney General, May 5, 1939, as reproduced in Streett v. United States, 331 F.2d 151, 154 (8th Cir. 1964). *Contra, see* United States v. Di Pietto, 396 F.2d 283 (7th Cir. 1968), *vacated on other grounds*, 394 U.S. 310, 89 S.Ct. 1163, 22 L. Ed.2d 297 (1969). Regarding similarly worded statutes, *see also* Prussian v. United States, 282 U.S. 675, 51 S.Ct. 223, 75 L.Ed. 610 (1930) (endorsement not "such a part of the draft as to constitute the forging of the endorsement a forgery of the draft," at 678, 51 S.Ct. at 678); Gesell v. United States, 1 F.2d 283 (8th Cir. 1924); De Rose v. People, 64 Colo. 332, 171 P. 359 (1918).

2. Note that Pub.L. 90–535, 82 Stat. 885, added to § 2314 the paragraph stating: "Whoever, with unlawful or fraudulent intent, transports in interstate or foreign commerce any *traveler's check* bearing a forged countersignature . . . . " (emphasis supplied). Nonetheless, the *Pauldino* principle, consistent with the rule that criminal *statutes should be strictly construed*, has still been applied to securities other than traveler's checks since the 1968 amendment. United States v. Boone, 470 F.2d 908, 910 (4th Cir. 1972).

3. Other courts have held that insertion of the name of a fictitious payee may turn a genuine money order into one which is "falsely made" and therefore under the purview of 18 U.S.C. § 2314. Gearing v. United States, 432 F.2d 1038, 1041 (5th Cir. 1970) (appendix of district court opinion). *See also* United States v. Franco, 413 F.2d 282 (5th Cir. 1969).

4. The Regiscope is a camera used in commercial establishments to photograph customers and commercial paper for later identification.

erred in not holding an in camera hearing to investigate the prearrest photographic "show up" in which the eyewitness first identified him.[5] The government did not submit the results of this "show up" at trial and the eyewitness testified that the basis of his identification was from the theft itself, not the photographs shown him by the F.B.I. nearly five months later.

■ Each case of this type must be decided on its own facts. Simmons v. United States, 390 U.S. 377, 384, 88 S. Ct. 967, 19 L.Ed.2d 1247 (1967). The present case is quite close, considering the long time span between the theft and the photographic show up. However, the delay in itself should not be determinative. See Neil v. Biggers, 409 U.S. 188, 201, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972); United States v. Hurt, 155 U.S.App.D.C. 217, 476 F.2d 1164, 1168 (1973); United States v. King, 149 U. S.App.D.C. 61, 461 F.2d 152, 154–155, and cases cited (1972), and we look at all the circumstances to determine if— even assuming a suggestive show up— the record shows sufficient evidence of an independent identification of such a nature as "to dispel any substantial likelihood of mistaken identification." Haskins v. United States, 433 F.2d 836, 839 (10th Cir. 1970). And see United States ex rel. Phipps v. Follette, 428 F. 2d 912 (2d Cir. 1970); Davida v. United States, 422 F.2d 528 (10th Cir. 1970); Clemons v. United States, 133 U.S.App. D.C. 27, 408 F.2d 1230 (1968).

■ The eyewitness here had sufficient time to observe the manner of the theft (which took place in the store where he was employed), described in detail the coat worn by the thief, pursued the thief, identified only Roby in a photographic show up of more than one photograph, and unequivocally identified Roby at trial, stating specifically that his testimony was based on observation at the time of the theft. There is no evidence that the thief was masked or that the grocery store in question was poorly illuminated. We are satisfied in light of these facts that the witness was able to form a definite image in his mind that would have been independent of an imprint from suggestive show up procedures. United States ex rel. Phipps v. Follette, supra; see United States v. Cooper, 472 F.2d 64 (5th Cir. 1973); Williams v. United States, 133 U.S.App. D.C. 185, 409 F.2d 471 (1969). Quite apart from any photographic evidence, the witness' positive identification of Roby was sufficient to satisfy the jury beyond a reasonable doubt.

■ Finally, Roby contends that he is entitled to a new trial since the instructions given the jury did not include definitions of the terms "forged and falsely made securities," or "securities." However, defense counsel did not object to the instructions, which adequately instructed the jury upon the essential elements of the crime, and we will not consider them here absent manifest injustice to the defendant. See Popeko v. United States, 294 F.2d 168 (5th Cir. 1961). The jury had ample reason to conclude that Roby had, at the very least, sufficient knowledge that the money orders were in themselves falsely made, forged and counterfeited. Likewise, we do not see how the failure of the court to define "securities" in the context of this case could have been prejudicial in light of our uncontradicted line of cases involving money orders in violation of 18 U.S.C. § 2314. United States v. Grider, 454 F.2d 713 (10th Cir. 1972); McGee v. United States, supra; Halfen v. United States, supra.

The judgment is affirmed.

5. This issue was not raised at trial and we are reluctant to consider it here. However, it is clear that defendant's "substantial rights" could have been affected and we are compelled to consider the matter. Haskins v. United States, 433 F.2d 836 (10th Cir. 1970); Solomon v. United States, 133 U.S. App.D.C. 103, 408 F.2d 1306 (1969).