**UNITED STATES of America, Plaintiff,**

v.

**Ronald Henry LUDWIG and Thomas James Colonna, Defendants.**

No. 75-5Cr (1).

United States District Court, E. D. Missouri, E. D.

April 7, 1975.

Richard E. Coughlin, Asst. U. S. Atty., St. Louis, Mo., for plaintiff.

Norman S. London, St. Louis, Mo., for defendants.

MEMORANDUM

MEREDITH, Chief Judge.

This matter was tried to the Court sitting without a jury. The defendants were charged by indictment with violating 18 U.S.C. § 2314 on two different occasions. The indictment charges that the defendants caused to be transported in interstate commerce checks drawn against the account of Warrenton Products, Inc., on the Commonwealth Bank of Wentzville, Wentzville, Missouri, which had been converted and taken by fraud.

The checks were given to Colonna by Ludwig, who was the comptroller of Warrenton Products, Inc., at the time. The checks were made out to Colonna and were in the amounts of $19,521.71 and $49,868.71. Colonna deposited them in his personal account at the Bank of Dutzow, in Dutzow, Missouri. Colonna then used his own checks to purchase cashier's checks which he would give to Ludwig. The evidence is clear that neither Ludwig nor Colonna had any right to the proceeds of the two checks in question, and that their actions amounted to unlawful conversion of the funds of Warrenton Products, Inc.

The defendants have raised by motion for judgment of acquittal as a defense that they did not cause the checks to be transported in interstate commerce. The indictment charges that the interstate transportation occurred when the checks, after being deposited in the Bank of Dutzow, were forwarded by mail to the Stockyards National Bank of National City, Illinois. This was done by the Bank of Dutzow in the ordinary course of its business, as it had had correspondent banking relationship with the Stockyards National Bank for some thirty-one years. The Stockyards National Bank forwarded the checks to the First National Bank in St. Louis, Mis-

souri, which forwarded them to the drawee bank, the Commonwealth Bank of Wentzville, Missouri. There is no question that the checks were transported in interstate commerce. Defendants argue that because the checks were deposited in a bank that was located in the same state as the drawee bank, it was not forseeable that the checks would be transported in interstate commerce, and, therefore, the knowledge that the checks would move in interstate commerce could not be imputed to them.

A review of the case law has turned up many cases where a conviction for the interstate transportation of forged, stolen, or fraudulently obtained checks was upheld on the basis of the negotiation of a check drawn on a bank in a different state. That this will support a conviction was established in United States v. Sheridan, 329 U.S. 379, 67 S.Ct. 332, 91 L.Ed. 359 (1946). That case and others following it talked of imputed knowledge that when a check is cashed, it must be returned to the drawee bank for collection, and, therefore, the person cashing the check is held to know that the check will have to be transported in interstate commerce. Defendant argues that the imputed knowledge discussed in those cases is not present here, because the drawee bank was located in the same state, and, therefore, no violation of 18 U.S.C. § 2314 has occurred.

No cases have been found where the drawee bank and the depository bank were located in the same state. It is the opinion of this Court that the fact that other cases have been decided on the basis of imputed knowledge arising from the interstate character of the immediate transaction, does not mean that this is a necessary element of the offense. The Court of Appeals for the Ninth Circuit has held that:

> "There is no requirement under 18 U.S.C. § 2314 that the accused know, foresee, or intend that instrumentalities of interstate commerce will be used. United States v. Sheridan, 329 U.S. 379, 67 S.Ct. 332, 91 L.Ed. 359

(1946), relied upon by defendant, is not to the contrary." United States v. Powers, 437 F.2d 1160, 1161 (9th Cir. 1971).

The Court of Appeals for the Eighth Circuit has stated that the person charged, need only be the motivating force behind the interstate transportation. Thogmartin v. United States, 313 F.2d 589 (8th Cir. 1963). By depositing the check, the defendants became the motivating force that started the clearing process during which the check was transported in interstate commerce.

The Bank of Dutzow has sent all its checks to the Illinois bank for thirty-one years. This is part of its ordinary course of business. It is not improper in any way. This Court is of the opinion that if persons negotiate checks that are fraudulently obtained at a bank other than the drawee bank, they run the risk that it will be transported in interstate commerce at some time during the clearing process. The motion for judgment of acquittal shall be denied and the defendants are guilty as charged.