**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Edward ISOME, Jr., Defendant-Appellant.**

No. 74–1508.

United States Court of Appeals, Sixth Circuit.

Feb. 28, 1975.

Certiorari Denied May 27, 1975.

See 95 S.Ct. 1993.

H. Fred Hoefle, Cincinnati, Ohio (Court appointed), for defendant-appellant.

William W. Milligan, U. S. Atty., Byron E. Trapp, Cincinnati, Ohio, for plaintiff-appellee.

Before PHILLIPS, Chief Judge, MILLER, Circuit Judge, and McALLISTER, Senior Circuit Judge.

PER CURIAM.

Appellant, Edward Isome, Jr., was convicted by a jury for aiding and abetting the interstate transportation of falsely-made securities in violation of 18 U.S.C., Sections 2 and 2314. The government's proof that Isome was an aider and abettor in the above offense is that he procured a young woman to present a check which was falsely made, and drawn on a bank in Elmhurst, Illi-

nois, at the Colerain office of the Madison Building Association in Cincinnati. The young woman deposited $150.00 of the $550.00 check, receiving a Madison check for the $400.00 difference. She then attempted to cash, a short time later, the $400.00 check at The Provident Bank, a few blocks away. The Provident officials called the Madison Building Association to inquire about the check. The young woman left the bank without the check or the money. The same day, the manager of The Provident Bank called the police and the FBI and gave them the information which he had. The Madison Building Association held the Colerain Illinois check and allowed it to pass through the normal collection process. After the check was dishonored, they turned it over to the FBI. There is nothing in the record to show that the FBI knew that the Illinois check was bad, nor is there any evidence that could have prevented Madison from trying to collect the Illinois check in their possession.

■ Appellant claims that where the false check in this case was permitted to clear across state lines, the Government, rather than the accused, caused the transportation and no federal crime has been proved. However, United States v. Sheridan, 329 U.S. 379, 67 S.Ct. 332, 91 L.Ed. 359, holds that the interstate requirements are met by cashing the forged check on a bank in another state. The court in *Sheridan, supra,* pointed out (p. 391, 67 S.Ct. p. 338):

"A word will dispose of the idea that Sheridan did not 'cause' the transportation. Certainly he knew the checks would have to be sent to the Missouri bank for collection. Given the proven forgery and uttering, no other conclusion would be possible. Necessarily, too, it would follow he intended the paying bank to send the checks there for that purpose. He knew they must cross state lines to be presented. One who induces another to do exactly what he intends, and

does so by defrauding him, hardly can be held not to 'cause' what is so done."

See also Judge Pope's concurring opinion in Hendrix v. United States, 327 F.2d 971 (5 Cir., 1964), in support of the foregoing.

Appellant's guilt was amply proved by Isome's accomplice, Marilyn Smith, whom Isome drove to the bank and who testified that he instructed her to cash the check, which did not belong to him, and which he was not authorized to sign, using a woman's name as payee. Isome then instructed her to cash the check, waited outside the bank until she rejoined him, took the money from her in the car, and later gave her a share of it.

The above transaction was a violation of the statute in question.

■ Error is claimed with regard to the admission of evidence regarding the car in which Isome's accomplice, Miss Smith, was driven to the bank by Isome. Miss Smith testified it was a blue and white Buick convertible. Moreover, another witness who had followed Miss Smith from the bank, took down the license number of the car, which was registered to Martina Walker, who had married Edward Isome, Jr. State records were introduced with reference to the license registration and the marriage of Edward Isome, Jr. to Martina Walker. That the original records were not introduced is, at most, harmless error.

■ There was no error on the part of the court in not granting a mistrial because of an inadvertent statement of a government witness which the court amply remedied by detailed instructions to the jury on the subject; nor did the court err in refusing to grant appellant's pre-trial motion for a severance of counts.

The verdict of the jury was sustained by overwhelming evidence and no error appearing in the rulings, directions or trial of the case by the trial court, the judgment of conviction is accordingly affirmed.