UNITED STATES of America, Plaintiff-Appellee,

v.

Arthur GUNDERSEN, Defendant-Appellant.

No. 75–1112.

United States Court of Appeals, Ninth Circuit.

July 8, 1975.

Douglas G. Crosby, Las Vegas, Nev., for defendant-appellant.

Raymond D. Pike, Asst. U. S. Atty., Las Vegas, Nev., for plaintiff-appellee.

OPINION

Before CARTER, GOODWIN and KENNEDY, Circuit Judges.

JAMES M. CARTER, Circuit Judge.

Defendant Gundersen appeals from the judgment of conviction (jury trial waived) of having caused a falsely made or forged security to be transported in interstate commerce, in violation of 18 U.S.C. § 2314. His only contention on appeal is that the recent Supreme Court decision in *United States v. Maze*, 414 U.S. 395, 94 S.Ct. 645, 38 L.Ed.2d 603 (1974), holding that the use of the mails in a prosecution under 18 U.S.C. § 1341 must be for the purpose of executing the scheme to defraud, is equally applicable to prosecutions under § 2314.

FACTS

Gundersen was tried on stipulated facts. Basically, he was caught passing forged American Express traveler's checks in a number of Las Vegas gambling casinos. The traveler's checks had been stolen from a California bank, and Gundersen admitted that he knew they had been stolen. The front of the checks

indicated that the payor, American Express Company, was located at 65 Broadway, New York, New York. Therefore, Gundersen was charged and convicted for "cashing" the checks in Nevada, knowing that they would of necessity be transported to New York in the normal course of business for collection.

He contends that the fraudulent scheme, as in *Maze, supra,* was completed in Las Vegas, and that the subsequent transportation in interstate commerce was not an essential part of the scheme. He argues that *Maze* mandates reversal of his conviction for a *federal* crime.

## DISCUSSION

The relevant portion of 18 U.S.C. § 2314 reads:

"Whoever, with unlawful or fraudulent intent, transports in interstate or foreign commerce any falsely made, forged, altered, or counterfeited securities or tax stamps, knowing the same to have been falsely made, forged, altered, or counterfeited [is guilty of an offense]."

This (the third) paragraph of § 2314, unlike several other paragraphs in that section, does not contain the words "or causes to be transported." However, in *Pereira v. United States,* 347 U.S. 1, 8, 74 S.Ct. 358, 362, 98 L.Ed. 435 (1953), the Court stated: "To constitute a violation of these provisions, it is not necessary to show that petitioners actually mailed or transported anything themselves; it is sufficient if they caused it to be done." The Court cited a paragraph which also contained only the language "Whoever transports." *See, also United States v. Roselli,* 432 F.2d 879, 889 n.16 (9 Cir. 1970) ("The act of depositing a check drawn on an out of state bank satisfies the requirement that the accused caused the security to be transported in interstate commerce.").

The statute under consideration in *United States v. Maze, supra,* reads in pertinent part:

"Whoever, having devised or intending to devise any scheme or artifice to defraud, . . . *for the purpose of executing such scheme* or artifice or attempting so to do . . . knowingly causes to be delivered by mail according to the direction thereon, . . . any [matter, is guilty of an offense]." 18 U.S.C. § 1341. (Emphasis added).

The Court held that the language in italics required that the use of the mail must be an essential part of the scheme or artifice. Therefore, where the scheme was the use of stolen credit cards at motels, it had already reached fruition when the defendant checked out of the motel, and the subsequent mailing of the slips to Kentucky for payment, even though caused by the defendant was not done *for the purpose* of executing the scheme. 414 U.S. at 402, 94 S.Ct. 645.

There is a superficial logic to Gundersen's position. He had completed his fraudulent scheme when he cashed the checks in Nevada. The subsequent interstate transportation was wholly irrelevant to his scheme. As in *Maze,* "he probably would have preferred to have the [checks] misplaced . . . and never mailed at all." *Id.* at 402, 94 S.Ct. at 649.

However, the gist of the charge against Gundersen, under 18 U.S.C. § 2314, was *transporting* (or causing to be transported) forged securities in interstate commerce. Moreover, what Gundersen overlooks is the *Maze* Court's great emphasis on the words "for the purpose of executing such scheme" in § 1341. That language is absent from § 2314. In *Pereira, supra,* the Court specifically distinguished § 2314 from § 1341 on this ground, stating:

"The transporting charge does not require proof that any specific means of transporting were used, or that the acts were done pursuant to a scheme to defraud, as is required for the mail fraud charge. . . . When Pereira delivered the check, drawn on an out-of-state bank, to the El Paso bank for collection, he 'caused' it to be transported in interstate commerce." 347 U.S. at 9, 74 S.Ct. at 363.

The difference in the two sections noted in *Pereira* was not disturbed in *Maze*. In fact, *Maze's* reliance upon the specific language in § 1341 which is absent from § 2314 would seem to reaffirm the *Pereira* distinction, particularly since four Justices in *Maze* would have affirmed the conviction, *even with* the "for the purpose of" language. *See, Maze, supra,* 414 U.S. at 408–416, 94 S.Ct. 645 (White, J., dissenting).

Affirmed.