**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Billy Frank NEWSON, a/k/a Billy
Moore, Defendant-Appellant.**

**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Frank Lee MOORE, Defendant-Appellant.**

**Nos. 75–1342, 75–1429.**

United States Court of Appeals,
Tenth Circuit.

March 16, 1976.

James L. Treece, U. S. Atty., John M. Kobayashi, Asst. U. S. Atty., Denver, Colo., on the brief for plaintiff-appellee.

Richard B. Bauer, Westminster, Colo., on the brief for Billy Frank Newson.

Daniel J. Sears, Federal Public Defender by Edward L. Kirkwood, Asst. Federal Public Defender, Denver, Colo., on the brief for Frank Lee Moore.

Before LEWIS, Chief Judge, and BARRETT and DOYLE, Circuit Judges.

LEWIS, Chief Judge.

Billy Frank Newson and Frank Lee Moore were jointly indicted, tried and convicted on three counts of interstate transportation, with fraudulent intent, of falsely made, forged, altered or counterfeited securities in violation of 18 U.S.C. §§ 2, 2314. They were also convicted on one count of conspiracy to transport forged securities in interstate commerce in violation of 18 U.S.C. §§ 371, 2314. These cases were separately perfected on appeal but due to the common factual background and similarity of legal issues raised are appropriate for consolidation in our dispositive opinion.

The defendants first challenge the sufficiency of the evidence as to the interstate transportation element of the offense. It is their contention that any activity on their part in connection with the securities was intrastate, as opposed to interstate, in character.

The facts show that in August 1974, a substantial number of Traveler's Express Money Orders disappeared from the Circle Soopers Store in Colorado Springs, Colorado. These money orders, as was apparent on their face, were drawn on the Traveler's Express bank account in Faribault, Minnesota. Although the mystery surrounding the disappearance of the money orders was never solved, the evidence shows that on September 13, and 14, 1974, five of the missing money orders were cashed by soldiers at Fort Carson, Colorado. The soldiers testified that these checks were cashed at the request of defendant Newson and/or defendant Moore and although some of the soldiers received a portion of the proceeds for their participation, the bulk of the cash was received by the defendants.

Upon negotiation, the money orders were processed through the Federal Reserve banking system for payment in Minnesota. However, as the money orders had been reported stolen, payment was refused and the money orders were returned unpaid.

The statute under which the defendants were convicted, 18 U.S.C. § 2314, provides as follows:

Whoever, with unlawful or fraudulent intent, transports in interstate or foreign commerce any falsely made, forged, altered, or counterfeited securities or tax

stamps, knowing the same to have been falsely made, forged, altered, or counterfeited; or

. . . . .

Shall be fined not more than $10,000 or imprisoned not more than ten years, or both.

We will consider the sufficiency of the evidence on the substantive and on the conspiracy counts separately.

As to the substantive charge under section 2314, the courts have been consistent in holding that the cashing of a check or money order in one state, drawn on a bank in another state, is competent evidence that the instrument would of necessity have to travel in interstate commerce. There is no requirement of actual physical transportation by a defendant and it is sufficient that a defendant cause the instrument to be transported by the negotiation process. *Pereira v. United States,* 347 U.S. 1, 74 S.Ct. 358, 98 L.Ed. 435; *United States v. Gundersen,* 9 Cir., 518 F.2d 960; *United States v. Roby,* 10 Cir., 499 F.2d 151. It is also clearly established that actual knowledge of the interstate transportation of the instrument on the part of the defendant is not required. *United States v. Masters,* 9 Cir., 456 F.2d 1060; *United States v. Powers,* 9 Cir., 437 F.2d 1160; *United States v. Mingoia,* 2 Cir., 424 F.2d 710. The essence of the offense is the fraudulent scheme itself and the interstate element is only included to provide a constitutional basis for the exercise of federal jurisdiction. *United States v. Roselli,* 9 Cir., 432 F.2d 879, *cert. denied,* 401 U.S. 924, 91 S.Ct. 883, 27 L.Ed.2d 828.

We therefore hold that the evidence is sufficient to sustain the defendants' convictions on the substantive offense.[1]

In reference to the conspiracy convictions, the issue of the defendants' knowledge of the interstate transportation element of the offense is more difficult. The Second Circuit, in a line of cases commencing with *United States v. Crimmins,* 2 Cir., 123 F.2d 271, has consistently held that while knowledge of the use of interstate facilities is not required for conviction on the substantive offense, such knowledge is required for a conspiracy conviction. *United States v. Giuliano,* 2 Cir., 348 F.2d 217; *United States v. Vilhotti,* 2 Cir., 452 F.2d 1186, *cert. denied,* 406 U.S. 947, 92 S.Ct. 2051, 32 L.Ed.2d 335. The Ninth Circuit, however, holds to the contrary. In *United States v. Roselli,* 9 Cir., 432 F.2d 879, 890–91, *cert. denied,* 401 U.S. 924, 91 S.Ct. 883, 27 L.Ed.2d 828, the court indicated that knowledge of the use of interstate facilities was not an essential element of either the substantive or the conspiracy offense.

Although the Supreme Court has never ruled on the requisite knowledge required under the conspiracy statute, section 371, as it applies in connection with section 2314, the High Court has recently decided a case where the defendants were convicted of assaulting a federal officer and conspiracy to assault a federal officer in violation of section 371 and 18 U.S.C. § 111. *United States v. Feola,* 420 U.S. 671, 95 S.Ct. 1255, 43 L.Ed.2d 541. The defendants had been found guilty on both counts in the district court, however, the appellate court reversed the conspiracy conviction citing *United States v. Crimmins,* 2 Cir., 123 F.2d 271, as the defendants were unaware the men assaulted were federal officers.[2] In reversing, the Supreme Court noted that as applied to the facts before the Court, *Crimmins,* represented "bad law." *United States v. Feola, supra,* at 690, 95 S.Ct. at 1265, 43 L.Ed.2d at 550.[3] The Court noted

---

1. The defendants' reliance on *Bollenbach v. United States,* 326 U.S. 607, 66 S.Ct. 402, 90 L.Ed. 350, is unfounded. In that case the Court was concerned with the presumption arising from the possession of stolen goods *after* they had been transported in interstate commerce.

2. *United States v. Alsondo,* 2 Cir., 486 F.2d 1339, 1346.

3. 18 U.S.C. § 371 provides as follows:

   If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, . . . and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined not more than $10,000 or imprisoned not more than five years, or both.

section 371, on its face, required no greater degree of scienter than did the substantive statute. *Id.* at 687, 95 S.Ct. at 1263, 43 L.Ed.2d at 549. The Court held that where the substantive offense "embodies only a requirement of *mens rea* as to each of its elements, the general federal conspiracy statute requires no more." *Id.* at 692, 95 S.Ct. at 1267, 43 L.Ed.2d at 557. The reasoning behind the Court's decision was stated as follows:

> Given the level of criminal intent necessary to sustain conviction for the substantive offense, the act of agreement to commit the crime is no less opprobrious and no less dangerous because of the absence of knowledge of a fact unnecessary to the formation of criminal intent. Indeed, unless imposition of an "anti-federal" knowledge requirement serves social purposes external to the law of conspiracy of which we are unaware, its imposition here would serve only to make it more difficult to obtain convictions on charges of conspiracy, a policy with no apparent purpose.

*Id.* at 693–94, 95 S.Ct. at 1268, 43 L.Ed.2d at 558. Although the Supreme Court was dealing with a conspiracy to violate section 111 as opposed to section 2314 we feel that reasoning of the Court is applicable to this case as well. In both statutes the federal element of the offense is jurisdictional and the criminal intent, whether it be to assault someone or to pass forged securities, exists independently. We therefore hold that knowledge of the use of interstate facilities is not required for a conviction of conspiracy to violate section 2314. The evidence is therefore sufficient to sustain the defendants' convictions on the conspiracy charge as well.

The defendants next contend that the trial judge erred in giving a modified instruction, beyond those requested, without notice to either counsel. Rule 30, Federal Rules of Criminal Procedure provides in part as follows:

> At the close of the evidence . . . any party may file written requests that the court instruct the jury on the law as set forth in the requests. . . . The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury, but the court shall instruct the jury after the arguments are completed.

After giving the agreed upon instructions the trial judge added the following statement:

> Now, of course, it is common knowledge that checks drawn on an out of state bank will be sent to that bank for collection, and if the evidence establishes to your satisfaction beyond a reasonable doubt that the defendant or defendants knowingly caused money orders known by them to be falsely made or forged, to be put in interstate commerce, then in that event, they caused them to be transported in interstate commerce within the meaning of this statute.

The defense objected to this language on the grounds that the language was "improper" and "misstated" the law, which objections were overruled.

On appeal, the defendants' objections to the modified instruction seem to be based on a claim that the instruction was prejudicial, beyond the authority of the judge, and unfairly prevented the defense counsel from making a full and complete closing argument to the jury in violation of Rule 30. Assuming that the grounds on which the defendants objected in the trial court are sufficiently specific to meet the requirements of Rule 30, we still must hold that the instruction as given does not warrant reversal on either the substantive or the conspiracy counts.

As to the correctness of the modified instruction in terms of the law, we feel the language used was sufficiently consistent with the *Pereira* opinion, as well as the *Roby* opinion, to correctly state the law as to what constitutes causing a security to be transported interstate as an element of the offenses alleged.

The next issue then involves the requirements of notice to counsel of the court's proposed actions on the instructions under Rule 30. It should first be noted that the

language of Rule 30 itself seems to require that the judge only inform counsel of his intended action on the "requested" instructions. *Martin v. United States,* 10 Cir., 404 F.2d 640, 643. Also, the Fifth Circuit has recently held that Rule 30 does not guarantee advance knowledge of all instructions but rather the trial judge must only advise counsel of his rulings as to requested instructions. *United States v. Clarke,* 5 Cir., 468 F.2d 890, 892. At the same time the court held that the judge was acting within his discretion when he gave a modified instruction in order to clarify the weight to be given to certain evidence. *Id.* at 892.

 It is also clear that although the trial court must inform counsel as to their requests for instructions, absent such requests, the court need not inform counsel of the instructions to be given. *United States v. Littlejohn,* 10 Cir., 441 F.2d 26, 28. This court has also held that the trial court is not bound to give instructions in the form and language requested, and that if the instructions as given are correct and cover the issues of the case, the judgment will not be disturbed. *Elbel v. United States,* 10 Cir., 364 F.2d 127, 134, *cert. denied,* 385 U.S. 1014, 87 S.Ct. 726, 17 L.Ed.2d 550. The form of the instructions is a matter committed to the discretion of the trial court and there is no requirement that the judge adopt the exact language of the requested instructions. *United States v. Waters,* 10 Cir., 461 F.2d 248, 251, *cert. denied,* 409 U.S. 880, 93 S.Ct. 207, 34 L.Ed.2d 134.

Although the defendant correctly points out that at one time the Seventh Circuit held that Rule 30 required the trial court to inform counsel of all instructions to be given, *United States v. Bass,* 7 Cir., 425 F.2d 161, 162, it should be noted that this opinion was subsequently held not to automatically preclude the giving of a modified instruction in order to prevent confusion on the part of the jury. *United States v. Shirley,* 7 Cir., 435 F.2d 1076, 1078.

However, even if the instruction as given were to be held to violate the letter of Rule 30, no reversal on the conviction would be warranted. The Supreme Court in the recent case, *Hamling v. United States,* 418 U.S. 87, 134–35, 94 S.Ct. 2887, 2905, 41 L.Ed.2d 590, 609, has indicated that a mechanical approach to Rule 30 is inconsistent with the language of the rule itself as well as with Rule 52(a), Federal Rules of Criminal Procedure. Rule 52(a) provides that "[a]ny error, defect, irregularity or variance which does not affect substantial rights shall be disregarded." Therefore, as the instruction was not a misstatement of the law, and the defense counsel was fully aware of the trial court's reliance on *Pereira,* no prejudice resulted.

The record is free from error as to each defendant and the judgments are severally affirmed.