**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**John Michael WILLIAMS,
Defendant-Appellant.**

**No. 77–5130.**

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 12, 1977.

Decided Feb. 22, 1978.

Jerome L. O'Dowd, Cincinnati, Ohio (Court-appointed CJA), for defendant-appellant.

William W. Milligan, U. S. Atty., Columbus, Ohio, John J. Cruze, Asst. U. S. Atty., Cincinnati, Ohio, for plaintiff-appellee.

Before WEICK, EDWARDS and PECK, Circuit Judges.

PER CURIAM.

This is a direct appeal from a conviction on two counts of aiding and abetting interstate transportation of falsely made securities, in violation of 18 U.S.C. §§ 2314 and 2 (1976).

The evidence established ample support for the jury conviction of that with which the government charged the appellant, namely, that he had persuaded one Charlotte Ann Barker to cash two counterfeit bank checks (each valued at less than $5,000), which were purported to have been issued by a Florida bank, after supplying her with false identification in the name of the payee. The checks were cashed in Cincinnati and were forwarded to the supposed payor bank in Pensacola, Florida.

This appeal presents as its only substantial contention that the federal jurisdictional support for the portion of the statute at issue pertains only to transporting and not to "causing to transport" such items.

Interesting as is the logic of appellant's argument, it has been made before and where the defendant, as here, has been charged with violating § 2314 and § 2(a) (aiding and abetting) and § 2(b) (causing), it has been squarely rejected by this and other

**658**

courts. *United States v. Isome,* 512 F.2d 756, 757 (6th Cir.), *cert. denied,* 421 U.S. 989, 96 S.Ct. 1993, 44 L.Ed.2d 479 (1975); *United States v. Newson,* 531 F.2d 979 (10th Cir. 1976); *Pereira v. United States,* 347 U.S. 1, 8–9, 74 S.Ct. 358, 98 L.Ed. 435 (1954).

We call attention to the Revisor's Note to 18 U.S.C. § 2314 (1976), which states:

> Reference to persons causing or procuring was omitted as unnecessary in view of definition of "principal" in section 2 of this title.

The judgment of conviction is affirmed.