831 F.2d 298
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Everett SPANN, Defendant-Appellant.
 Nos. 87-1101, 87-1102.
 United States Court of Appeals, Sixth Circuit.
 Oct. 9, 1987.
 
 Before LIVELY, Chief Judge, KEITH and MILBURN, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is a direct appeal from a jury conviction for possession of stolen mail, interstate transportation of forged securities and bank fraud. The defendant was charged under statutes defining the substantive offenses and also under 18 U.S.C. Sec. 2, the Aider and Abettor Statute.
 
 
 2
 By the time of defendant's trial he was represented by his third attorney and was expressing disagreement with that attorney's handling of the case. The district court permitted the trial to go forward with the defendant and his appointed attorney acting as "co-counsel." Apparently the defendant and his appointed attorney both participated in cross-examination of prosecution witnesses. The defendant did not testify, but was permitted to make his own closing argument rather than having his appointed counsel make it. The effect of this was to give the defendant an opportunity to testify without being sworn as a witness or being required to undergo cross-examination. When the prosecution responded to the defendant's argument by pointing out that he had not challenged certain facts established in the prosecution's case, neither the defendant nor his appointed attorney objected. The defendant takes the position now that the prosecution's reference to matters he did not deny in his closing argument constituted an unlawful comment on his failure to testify.
 
 
 3
 We reject this argument. An examination of the record reveals that the prosecution did not state or imply that the jury should find the defendant guilty based on his failure to testify. The prosecution was in a situation where the defendant had in effect testified without any of the usual guarantees of truthfulness, and the rebuttal argument of the prosecuting attorney was nothing more than fair comment on the closing argument of the defendant. It is undenied that if the attorney for defendant had failed to deal with elements of the prosecution's proof in closing argument, the prosecution would have been permitted to comment on such failure.
 
 
 4
 The second ground for reversal urged by the defendant is that the charges under 18 U.S.C. Sec. 2314 should have been dismissed for lack of subject matter jurisdiction because the jurisdictional amount required in section 2314 paragraph 2 had not been met; and alternatively, if jurisdiction existed, on the ground that he was not adequately apprised of the charges against him. We conclude that the court did have subject matter jurisdiction over the transportation charges under paragraph 3 of this section. As this court pointed out in United States v. Williams, 570 F.2d 657 (1978), when 18 U.S.C. Sec. 2 is charged in addition to Sec. 2314, one who merely causes transportation of securities may be treated as one who directly transports. The indictment gave adequate notice of the charges against the defendant.
 
 
 5
 The judgment of the district court is affirmed.