Nicholas NICOLOPOULOS, Defendant, Appellant,

v.

UNITED STATES of America, Appellee.

No. 6269.

United States Court of Appeals
First Circuit.

Heard April 7, 1964.

Decided May 27, 1964.

---

1. Plaintiff Michael Cochran did not join in this appeal.

2. Reported below: 315 F.2d 771 (7 Cir.).
3. Reported below: 303 F.2d 601 (7 Cir.).

248

Manuel Katz, Boston, Mass., with whom Paul T. Smith and Daniel Klubock, Boston, Mass., were on brief, for appellant.

William J. Koen, Asst. U. S. Atty., with whom W. Arthur Garrity, Jr., U. S. Atty., was on brief, for appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

ALDRICH, Circuit Judge.

The defendant and one other, following pleas by other alleged conspirators, including one Massahos, were tried on a joint indictment for conspiracy and the substantive offense of causing the transportation of stolen firearms in interstate commerce knowing the same to have been stolen. 15 U.S.C. § 902(g).[1] At the close of the government's case the other defendant was ordered acquitted. Defendant was found guilty on both counts and he appeals.

The court charged the jury that conviction on the conspiracy count required an "agreement" between the defendant and Massahos to transport the guns in question from New Hampshire to Massachusetts, and thereby perhaps implicitly required the jury to find that the defendant had knowledge that the transportation involved the crossing of a state line. With respect to the substantive count the charge contained not even that much reference to knowledge. Yet under this statute, whatever else may be required,[2] it must be that "causing" interstate transportation requires knowledge on the part of the defendant, or, at least, reasonable grounds to know, that his conduct involves, or will result in, such commerce. Cf. Pereira v. United States, 1954, 347 U.S. 1, 9, 74 S.Ct. 358, 98 L.Ed. 435; United States v. Sheridan, 1946, 329 U.S. 379, 391, 67 S.Ct. 332, 91 L.Ed. 359. In an extended record we find no basis for a finding that the defendant had even reason to know that the two guns in question either had been or were to be so transported.

The defendant lived in Chelmsford, Massachusetts, as did Massahos. Massahos operated a gasoline filling station in Salem, New Hampshire. "On the

---

1. "It shall be unlawful for any person to transport or ship or cause to be transported or shipped in interstate or foreign commerce any stolen firearm or ammunition, knowing, or having reasonable cause to believe, same to have been stolen."

2. We do not reach defendant's further argument that, even if it were shown that he knew of the required interstate transportation, he was not a "causer" within the meaning of the section.

late afternoon or early evening" of October 13, 1959, Massahos telephoned defendant's home and spoke to defendant. So far as appears nothing was said as to where he was calling from. The indefinite specification of the hour would not, without more, warrant a finding that defendant knew he was still at work. In fact Massahos was calling from Salem, where he had the guns.[3] Massahos told defendant that one Bonyman "had come in with these weapons;" that they were stolen; that Massahos had bought them, but had no use for them. "I told him how much I had paid for them and he told me to bring them down to his house" and he would pay the same amount. Bonyman was known to defendant as a resident of Lowell, Massachusetts. His identification as the source, accordingly, did nothing to reveal to defendant that the guns were in New Hampshire. The statement that he "had come in with these weapons" did not mean that Bonyman had come in to Massahos' filling station, as opposed to his home; much less did it disclose that the guns were still at the former location. Nor did "bring them down to [defendant's] * * * house" recognize an out-of-state origin, or direct, in the absence of such recognition, an interstate trip.[4] The government's burden does not require the inescapable resolution of possible ambiguities, but here there was no indication whatever.

Finally, the testimony of a witness that subsequent to the event defendant told him the guns had been stolen in Troy, New Hampshire (passing the fact that, admittedly, they were stolen in Hudson, New Hampshire) is not evidence that defendant knew this fact at the time he agreed to buy them and thereby, allegedly, "caused" their transportation in interstate commerce.

3. If we might take judicial notice that in 1959 one could not dial directly from New Hampshire to Massachusetts, no testimony indicated that defendant's attention was called to the fact that this was an operator-placed call.

Judgment will be entered vacating the judgment of the District Court and ordering the defendant's acquittal.

4. Whatever transgression was requested by that famous invitation, "Come up and see me, sometime," it was not one of the state line.