UNITED STATES of America,
Plaintiff-Appellee,

v.

Stuart Joseph BERLIN, Defendant-Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

Frank Joseph DeSAPIO, Defendant-Appellant.

Nos. 72–1924, 72–2004.

United States Court of Appeals,
Ninth Circuit.

Jan. 2, 1973.

Roger L. Cossack, of Cossack & Karp, Los Angeles, Cal., Michael D. Nasatir, of Nasatir, Sherman & Hirsch, Beverly Hills, Cal., for defendants-appellants.

William D. Keller, U. S. Atty., Eric A. Nobles, Tom Kotoske, Asst. U. S. Attys., Los Angeles, Cal., for plaintiff-appellee.

Before HAMLEY and MERRILL, Circuit Judges, and POWELL,* District Judge.

MERRILL, Circuit Judge:

■ ˙This appeal from conviction under the Dyer Act [1] raises the question: Under what circumstances can interstate transportation of a stolen car by a purchaser (innocent of knowledge that the car was stolen) be said to have been willfully caused by the seller so as to render him guilty of a Dyer Act violation [2] under 18 U.S.C. § 2(b).

Section 2(b) states: "Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal."

Appellants were parties to an interstate conspiracy involving the theft of cars in New York City and their sale to purchasers from Los Angeles. Testimony given by many purchasers discloses the nature of the scheme. The Los Angeles "sales force" would provide a purchaser of an automobile with delivery to be made in New York City. News of the purchase would be sent to the "production force" in New York. A car meeting specifications would be stolen. The purchaser would make a down payment in Los Angeles and would fly to New York. He would be met at the airport by representatives of the "production force" and be driven to an underground garage. At the garage the stolen car and false papers would be delivered and the balance of the purchase price paid. The car would then be driven back to Los Angeles by the innocent purchaser.[3]

The United States contends for a rule that sale of a car (known by the seller to be stolen), followed by interstate transportation by an innocent purchaser constitutes a violation of the Dyer Act by the seller where the interstate transportation is reasonably foreseeable.

■ We agree with appellants that this rule is too broad. Since interstate automobile transportation is now commonplace, this construction would seem to render every sale of a stolen car a federal offense. Section 2(b) does, as appellants contend, have overtones of agency, and, in our judgment, the willful causation to which it refers must be purposeful rather than be based simply upon reasonable foreseeability.

In support of its proposed rule, the United States relies on language in United States v. Masters, 456 F.2d 1060, 1062 (9th Cir. 1972), quoting from Per-

---

* Honorable Charles L. Powell, Chief United States District Judge for the Eastern District of Washington, sitting by designation.

1. 18 U.S.C. § 2312 states:
   "Whoever transports in interstate or foreign commerce a motor vehicle or aircraft, knowing the same to have been stolen, shall be fined not more than $5,000 or imprisoned not more than five years, or both."

2. To sustain a conviction under the Dyer Act, four elements must be proven. First, the automobile must have been stolen; second, the accused must have transported the automobile (or willfully caused its transportation) in interstate commerce; third, the accused must have known it was stolen at the time of such transportation; fourth, the accused must have had the intent to permanently or temporarily deprive the owner of the rights and benefits of ownership. Jones v. United States, 378 F.2d 340, 341 (9th Cir. 1967). See also Lawrence v. United States, 400 F.2d 624, 625 (9th Cir. 1968).
   Viewing the evidence in the light most favorable to the Government on appeal, Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942), the record clearly suports a finding that the first, third, and fourth elements have been met. It is proof of the second element with which we are concerned.

3. We assume innocence, as did the Government, although the assumption credits the purchasers with extraordinary naivete.

eira v. United States, 347 U.S. 1, 8–9, 74 S.Ct. 358, 98 L.Ed. 435 (1954):

"Where one does an act with knowledge that the use of the mails will follow in the ordinary course of business, or where such use can reasonably be foreseen, even though not actually intended, then he 'causes' the mails to be used."

*See also* United States v. Garner, 468 F. 2d 914 (9th Cir. 1972).

Cases such as *Masters* and *Garner*, dealing with stolen securities or forged travelers checks under 18 U.S.C. § 2314, involve considerations not present in cases dealing with tangible stolen property. The cashing of a check or the sale of securities initiates a series of commercial operations—an established course of action without the existence of which a sale could not be accomplished and payment would not be forthcoming. Pereira v. United States, 347 U.S. at 9, 74 S.Ct. 358, 98 L.Ed. 435. It is the thief who, in order to secure his money, invokes the entirety of the normal course of commercial operations, and it can hardly be said that this invocation was not purposeful or intended. What need not be specifically intended—but need only be reasonably foreseeable—is that those operations may, in a particular case, entail interstate transportation.

Such is not the case in the ordinary sale of tangible stolen property. In the ascertainment of purpose and intent our focus is not on a course of commercial operations which the very fact of sale dictates will regularly occur. Rather, it is on the interstate transportation itself.

Appellants contend that while they may have caused interstate transportation in a "but-for" or "reasonably foreseeable" sense, it was not purposeful; that interstate transportation of the stolen cars by the purchasers occurred after the fruits of the theft had been fully realized. It was of no concern to them, they assert, where the purchaser took the car or what he did with it.

In this we cannot agree. The interstate transportation was not fortuitous;

it was carefully planned and was an integral part of the total scheme. While it was not a condition to receipt of the sale price, it did accomplish the protective element of concealment of the stolen automobiles. While the purchasers were not controlled agents of the criminals, acting pursuant to instruction or agreement, the desired interstate transportation was assured by the manner in which the purchasers were selected. They became, in effect, the unwitting agents of the criminals in carrying out an essential step in the operation.

■ We conclude that the interstate transportation here involved was willfully caused by appellants and that they are punishable as principals under 18 U.S.C. § 2(b).

Other assignments of error we find to be without merit.

■ Under Fed.R.Crim.P. 14, denial of a motion for severance will be reversed on appeal only if it constituted an abuse of discretion. United States v. Cozzetti, 441 F.2d 344, 349 (9th Cir. 1971); Daut v. United States, 405 F.2d 312, 314 (9th Cir. 1968). Such abuse exists when the joint trial was manifestly prejudicial. United States v. Cozzetti, 441 F.2d at 349; Parker v. United States, 404 F.2d 1193, 1194 (9th Cir. 1968), cert. denied, 394 U.S. 1004, 89 S. Ct. 1602, 22 L.Ed.2d 782 (1969); United States v. De La Cruz Bellinger, 422 F.2d 723, 726, cert. denied, 398 U.S. 942, 90 S.Ct. 1860, 26 L.Ed.2d 278 (1970). The multitude of counts in the indictment against appellants and a coconspirator who eventually pleaded guilty does not compel the conclusion that the jury must have been confused. The fact that the jury was able (under the court's instructions and due to the care with which evidence was related to specific counts) to discriminate between counts and defendants is clearly indicated by its verdict of not guilty on one count against appellant Berlin. On this record we cannot say that the joint trial was manifestly prejudicial. *See* United States v. Patterson, 455 F.2d 264, 266–67 (9th Cir. 1972).

The fact that the coconspirator who pleaded guilty testified for the Government does not serve to bring into play the rule of Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). The coconspirator was available for cross-examination. Nelson v. O'Neil, 402 U.S. 622, 627, 91 S.Ct. 1723, 29 L. Ed.2d 222 (1971).

■ We find nothing objectionable in the instructions given at the close of trial. In view of their adequacy it was not abuse of discretion for the District Court to refuse to instruct and reinstruct the jury during the course of trial respecting the limited applicability of evidence received. *Cf.* Opper v. United States, 348 U.S. 84, 95, 75 S.Ct. 158, 99 L.Ed. 101 (1954).

Judgment affirmed.