**UNITED STATES of America**

v.

**George SCARBOROUGH, Appellant.**

**No. 86–3035.**

United States Court of Appeals, District of Columbia Circuit.

Argued Jan. 16, 1987.

Decided March 17, 1987.

Douglas J. Behr, Washington, D.C. (Appointed by this Court) for appellant.

Richard G. Taranto, Atty., Dept. of Justice, with whom Joseph E. diGenova, U.S. Atty., Michael W. Farrell and Eric B. Marcy, Asst. U.S. Attys., Washington, D.C., were on brief, for appellee.

Before RUTH BADER GINSBURG, WILLIAMS and DONALD GINSBURG, Circuit Judges.

Opinion PER CURIAM.

PER CURIAM:

Appellant George Scarborough was convicted after a jury trial in the District Court of eight counts arising from fraudulent dealings with two banks. The convictions involved four criminal statutes: 18 U.S.C. § 1014 (false statements made to obtain a bank loan); 18 U.S.C. § 1344 (bank fraud); 18 U.S.C. § 2314 (interstate transportation of stolen property); and 22 D.C. Code §§ 3811, 3812(a) (theft). On appeal to this court, Scarborough challenges his convictions on several grounds. We have reviewed each of Scarborough's challenges and find all of them insubstantial. Furthermore, we conclude that only one of his objections raises a question without pub-

---

lished precedent in this circuit. We therefore confine discussion of our determination to that issue. *See* D.C.Cir.Rule 13(c).

## I

Before setting forth the grounds for Scarborough's appeal, we briefly review the facts of the case. The relevant background begins in 1983, when Scarborough contracted with Charles and Fleur Bresler to purchase a house in Chevy Chase, Maryland, and presented fictitious income tax returns in order to obtain financing from the sellers. Despite having been instructed to provide certified funds for the down payment, at the closing Scarborough presented the title company with a personal check and promised to return the next day with a certified instrument. He never returned, and his personal check was returned for insufficient funds. Because the closing was never completed, legal title remained with the Breslers.

Scarborough's convictions arise from two instances of bank fraud in which his claims with regard to the ownership of the Chevy Chase house are central. In January 1985, when he opened two accounts there, Scarborough submitted false business and personal information to First American Bank in Washington, D.C. In addition to claiming 1981 income of more than $500,000 and a net worth of $1.5 million, he told bank officials that he owned the house in Chevy Chase, an assertion that was to form the basis for his conviction for violating 18 U.S.C. § 1014. Scarborough wrote numerous bad checks on the accounts, resulting in overdrafts totaling $11,500, which the bank later agreed to turn into a loan for $12,000.

The second bank fraud was committed in April 1985. This time Scarborough obtained a loan for $25,000 by submitting false financial information to the Industrial Bank of Washington in Washington, D.C., and by providing a trust deed on the Chevy Chase house as security. Scarborough obtained part of the loan proceeds in the form of cashier's checks. One of these checks, written to Charles Bresler in partial payment of the price of the Chevy Chase house, was deposited in Bresler's bank in the District of Columbia but then traveled to the Federal Reserve Bank in Maryland in the normal course of the check clearing process.

## II

On appeal, Scarborough raises four issues. First, he claims that he did not act fraudulently by executing and delivering a second deed of trust on the Chevy Chase house because, while he did not have legal title to the house, he did have a mortgagable interest in it. Second, he argues that even if he had no legal interest in the house, the government failed to prove that he had knowledge of this fact. Third, he maintains that he should not have been convicted of violating both 18 U.S.C. § 1014 and 22 D.C.Code §§ 3811, 3812(a) for the same conduct. Finally, Scarborough argues that he did not "willfully cause" the cashier's check to Bresler to be transported in interstate commerce within the meaning of 18 U.S.C. § 2314, as affected by 18 U.S.C. § 2(b).

We have fully considered appellant's arguments and find them inadequate to upset any of the convictions. Accordingly, we affirm the district court's judgment in all respects. For purposes of clarification, we offer a brief elaboration of our reasoning for affirming Scarborough's conviction for the transportation of the cashier's check in interstate commerce pursuant to 18 U.S.C. § 2314.

Appellant argues that, in order to sustain a conviction under 18 U.S.C. § 2314, the government must prove that it was reasonably foreseeable that the cashier's check would travel in interstate commerce. Here the check was drawn on one bank in the District of Columbia and deposited in another, which he argues is inconsistent with foresight of any interstate travel. In *United States v. Ludwig*, 523 F.2d 705 (8th Cir.1975), *cert. denied*, 423 U.S. 1076, 96 S.Ct. 861, 47 L.Ed.2d 86 (1976), the court rejected the identical argument. The Eighth Circuit held that, since Congress intended interstate transportation to be "merely the linchpin for federal jurisdic-

tion," and did not mean to relate interstate movement to the culpability of the underlying criminal acts, "the government should not have to prove that the interstate transport was in any way reasonably foreseeable." 523 F.2d at 707. We agree.

Scarborough seems also to contend that, since the movement of the check to Maryland did not further the bank fraud, the conviction was improper. The analysis in *Ludwig* is an adequate response to this argument as well. We therefore affirm Scarborough's conviction for violating 18 U.S.C. § 2314, as well as his convictions on all other counts.

*It is so ordered.*