960 F.2d 153
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Laban Donald HOCK, Defendant-Appellant.
 No. 90-50061.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 7, 1992.*
Decided April 21, 1992.
 
 Before PREGERSON, D.W. NELSON and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Laban Donald Hock appeals from his jury conviction of 29 counts of mail fraud in violation of 18 U.S.C. § 1341, and one count of causing the interstate transportation of property obtained by fraud in violation of 18 U.S.C. §§ 2 and 2314. Hock raises three arguments. We have jurisdiction pursuant to 28 U.S.C. § 1291. We reject each of Hock's arguments, and affirm the conviction.
 
 DISCUSSION
 
 3
 Two of Hock's arguments center on his conviction for the interstate transportation of property obtained by fraud, in violation of 18 U.S.C. §§ 2 and 2314. 18 U.S.C. § 2314 provides:
 
 
 4
 Whosoever transports, transmits, or transfers in interstate or foreign commerce any ... money, of the value of $5,000 or more, knowing the same to been stolen, converted, or taken by fraud ... [s]hall be fined not more than $10,000 or imprisoned not more than 10 years, or both.
 
 
 5
 18 U.S.C. § 2(b) provides in relevant part:
 
 
 6
 Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.
 
 
 7
 Hock's arguments focus on the use of the word "willfully" in section 2(b).
 
 
 8
 Hock argues that the use of "willfully" in section 2(b) establishes a standard of specific intent distinct from, and higher than, the level of intent required by section 2314. Based upon this reasoning, Hock alleges two errors: first, that there was insufficient evidence for the jury to conclude that he "willfully" violated section 2314; and second, that the trial judge failed to give the jury instructions on the meaning of "willful."
 
 
 9
 Without addressing the particularities of either argument, we reject Hock's underlying contention that the inclusion of 18 U.S.C. § 2 in an indictment materially alters the level of intent required for conviction. We previously considered Hock's argument in United States v. Vaccaro, 816 F.2d 443 (9th Cir.), cert. denied, 484 U.S. 914 (1987). In Vaccaro, we considered the impact of section 2 in conjunction with 18 U.S.C. § 1952, which prohibits interstate travel to conduct unlawful activity, and section 2314, at issue in Hock's case. We held that where a person "is punished as a principal, 'the proof must encompass the same elements as would be required to convict any other principal.' " Vaccaro, 816 F.2d at 453-454 (quoting Hernandez v. United States, 300 F.2d 114, 123 (9th Cir.1962)).
 
 
 10
 Hock responds that Vaccaro is inapposite, since it considers the impact of section 2(a), not section 2(b). Section 2(a) applies to those who aid and abet in the commission of a crime, and unlike section 2(b), does not include the term "willfully."
 
 
 11
 We reject Hock's contention. The reasoning of Vaccaro is persuasive. Section 2 is meant to broaden the scope of the underlying statute by making those who aid or abet in the commission of a crime under section 2(a) and those who direct the commission of a crime under 2(b) liable for conviction of that crime as if they had been the principal. It makes little sense to alter the level of intent required to sustain a conviction, depending on whether the person was in fact a principal or instead someone who aided or caused the commission of the crime. Instead, as we said in Vaccaro, the proof should encompass the same elements as would be required to convict a principal. Id.
 
 
 12
 Hock argues that we should rely on United States v. Berlin, 472 F.2d 13 (9th Cir.1973). In Berlin, we considered the use of section 2(b) to sustain a conviction under 18 U.S.C. § 2312, which prohibits the interstate transportation of a stolen automobile. We held that causation under section 2(b) "must be purposeful rather than be based simply on reasonable forseeability." Berlin, 472 F.2d at 14. We accept Hock's invitation to rely on Berlin. By its own terms, Berlin supports our present conclusion.
 
 
 13
 In Berlin, we specifically distinguished cases dealing with the transportation of tangible property from money fraud cases arising under the 18 U.S.C. § 2314, under which Hock was convicted. We reasoned as follows:
 
 
 14
 The cashing of a check or the sale of securities initiates a series of commercial operations--an established course of action without the existence of which a sale could not be accomplished and payment would not be forthcoming. Pereira v. United States, 347 U.S. [1,] 9, 74 S.Ct. 358, 98 L.Ed. 435 [ (1954) ]. It is the thief who, in order to secure his money, invokes the entirety of the normal course of commercial operations, and it can hardly be said that this invocation was not purposeful or intended. What need not be specifically intended--but need only be reasonably forseeable--is that those operations may, in a particular case, entail interstate transportation.
 
 
 15
 Id. at 15. Thus, we held in Berlin that the standard under section 2(b) and section 2314 is reasonable forseeability. This is the holding in Vaccaro. Vaccaro, 816 F.2d at 453. We now hold the same in Hock's case.
 
 
 16
 Because we reject Hock's contention that section 2 imports an element of specific intent into section 2314, we do not consider further the first two errors Hock alleges.
 
 
 17
 Hock's final contention is that his case must be remanded for resentencing because the presentence investigation report was made available to him only four days before sentencing, and his request for a continuance was denied. We have previously noted that the district court has considerable latitude in granting or denying continuances, and that to establish abuse of discretion, a party must show that the denial was arbitrary or unreasonable. United States v. Pope, 841 F.2d 954, 956 (9th Cir.1988).
 
 
 18
 In Pope, we applied four factors which courts generally consider in reviewing a denial of a continuance. Two are relevant here: (1) the requester's diligence in preparing for trial; and (2) the likely utility of the continuance. Id., citing United States v. Flynt, 756 F.2d 1352, 1358 (9th Cir.1985).
 
 
 19
 Hock argues that the presentence investigation report included significant data on the injuries suffered as a result of his fraudulent actions, and that he needed more time to develop an effective rebuttal of those figures. Hock concedes, however, that the figures used in the presentence investigation report were taken without material alteration from the prosecutor's sentencing memorandum, filed several months earlier.
 
 
 20
 Relying on the fact that the figures Hock wished to challenge were in his possession for several months, the district court's determined that: (1) Hock did not show diligence in preparing for sentencing; and (2) a continuance was of unlikely utility. We find no abuse of discretion in the district court's denial of Hock's motion for a continuance.
 
 CONCLUSION
 
 21
 We have considered and rejected each of Hock's arguments in turn. His conviction is AFFIRMED.
 
 
 
 *
 The panel unanimously found this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3