**UNITED STATES of America, Appellee,**

v.

**Eric LEPPO, Defendant, Appellant.**

**No. 98–1604.**

United States Court of Appeals, First Circuit.

Heard Jan. 8, 1999.

Decided May 27, 1999.

---

Francis J. DiMento with whom DiMento & Sullivan, James H. Feldman, Jr., and Law Offices of Alan Ellis were on brief for appellant.

Jeanne M. Kempthorne, Assistant United States Attorney, with whom Donald K. Stern, United States Attorney, was on brief for appellee.

Before Torruella, Chief Judge, Aldrich and Cudahy,[*] Senior Circuit Judges.

BAILEY ALDRICH, Senior Circuit Judge.

Eric Leppo was indicted for and ultimately found guilty of causing the interstate transportation of stolen commercial polyester film in violation of 18 U.S.C. §§ 2314 and, *see post,* 2(b). His appeal is from the final judgment. Nowhere in the record is there to be found any expressed saving of rights. In his brief defendant's statement of the issue reads, "Was the evidence sufficient ... ?" The government does not claim defendant did not adequately save this question, and we accept. Where the facts were agreed to, and the court discussed legal adequacy with counsel at length, it would be unfair to do otherwise. However, we affirm.

The first [1] paragraph of § 2314, and the one to which we refer, presently reads as follows:

> Whoever transports, transmits, or transfers in interstate or foreign commerce any goods, wares, merchandise, securities or money, of the value of $5,000 or more, knowing the same to have been stolen, converted, or taken by fraud [shall be punished.]

This provision, lacking "cause," was enacted in 1948 in consolidating several sections from the 1940 edition of the United States Code. *See* Act of June 25, 1948, ch. 645, 62 Stat. 683, 806. The relevant predecessor section had provided punishment for those who cause such interstate transportation as well: "Whoever shall transport *or cause to be transported* in interstate or foreign commerce any goods ..." 18 U.S.C. § 415 (1940) (emphasis added). "[C]ause" was transferred to § 2(b) in the same act of 1948. *See* ch. 645, 62 Stat. at 684. In

---

[*] Of the Seventh Circuit, sitting by designation.

1. There is a second paragraph, not to be confused with § 2(b) herein. It contains the word "cause," but is not relevant because it relates only to transporting persons.

1951, without explanation, Congress modified "causes" by adding "willfully":[2]

§ 2 Principals

(b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

Act of Oct. 31, 1951, ch. 655, § 17b, 65 Stat. 710, 717. Thus, since 1948 the word "causes" has not appeared in § 2314, appearing instead in § 2(b), and since 1951 it has there been modified by "willfully." Section 2314 applies to transporters; § 2(b) to one who willfully causes one to act. *See, e.g.,* quotation from *United States v. Scandifia, post.*

This case was tried to the court on defendant's stipulation to the factual allegations in the indictment, defendant's claim being that they were legally insufficient. Summarizing this agreement, defendant purchased quantities of commercial polyester film delivered to his Massachusetts place of business intending (successfully) not to pay for it. He sold four shipments to a Connecticut buyer, Ultra–Vac, who was ignorant of the fraud. It, or its designated trucker, took delivery in Massachusetts of the shipments, each worth over $5,000, to be taken to Connecticut. Defendant had nothing to do with the shipment. He knew that this was the program, but disclaimed statutory coverage.

■ In finding defendant guilty the court stated that it acted under § 2314 and rejected § 2(b) because it was not recited in the indictment. In spite of this it went on to say that the issue was "whether the defendant, quote, willfully caused, unquote, the transportation across state lines." Continuing, it stated that " 'willfully caused' means that the defendant must have the state of mind of knowing that his conduct is creating a likelihood—not a certainty, but I would say a strong likelihood—that the goods will be transported across state lines as a result of his conduct." Thus self-instructed as to willfully caused, the court found it existed.

■ While the court erred as to § 2314 rather than taking these words from § 2(b), the error, word-wise, was harmless. The words applied automatically to § 2314 because § 2(b) is a general definitional statute. *See United States v. Sabatino,* 943 F.2d 94, 99–100 (1st Cir.1991). Our question, therefore, is whether the court's interpretation of those words was correct. We add, in passing, that it was narrower than the government's, which is that no knowledge is necessary.

Because of wide national disagreement on this important subject, we will start with circuits that support the government's position. We begin with the Eighth. In *United States v. Ludwig,* 523 F.2d 705 (8th Cir.1975), the district court had convicted defendants under § 2314 of causing two converted checks to be transported in interstate commerce by presenting them for payment. The cashing bank and the drawee bank were in the same state and defendants had no knowledge or notice that their clearing practice involved interstate transportation of the checks. *See id.* at 706. Defendants argued that the government's failure to prove reasonable foreseeability should have resulted in their acquittal, but the court concluded that such proof was not necessary. *See id.* at 706–707. For this it relied in part on *Pereira v. United States,* 347 U.S. 1, 74 S.Ct. 358, 98 L.Ed. 435 (1954), but without noticing its clear language. The *Pereira* Court had obtained the word "cause" not from § 2314 (first paragraph), but from § 2(b):

[I]t is not necessary to show that petitioners actually mailed or transported anything themselves; it is sufficient if

---

**2.** The relevant Senate report explained a contemporaneous change in § 2(b), but said nothing about the "willfully" addition. *See*

S.Rep. No. 1020 (1951), *reprinted in* 1951 U.S.C.C.A.N. 2578, 2583.

they caused it to be done. 18 U.S.C. (Supp.V) § 2(b).

*Id.* at 8, 74 S.Ct. 358. At the same time, while making no mention of § 2(b)'s word "willfully," it clearly based "caused" on defendant's knowledge and intent:

> When Pereira delivered the check, drawn on an out-of-state bank, to the El Paso bank for collection, he "caused" it to be transported in interstate commerce. It is common knowledge that such checks must be sent to the drawee bank for collection, and it follows that Pereira intended the El Paso bank to send this check across state lines.

*Id.* at 9. This finding of knowledge and intent was, of course, precisely inapplicable to *Ludwig.*

On *Ludwig* 's facts the District of Columbia Circuit followed *Ludwig* 's resolution. *See United States v. Scarborough,* 813 F.2d 1244, 1245–46 (D.C.Cir.1987). The Tenth Circuit, on the other hand, faced the same situation as that in *Pereira,* and cited it to support its affirmance. It went on to say, however, as the court in *Ludwig* did, that actual knowledge of the interstate transportation was not required. *See United States v. Newson,* 531 F.2d 979, 981 (10th Cir.1976).

In *United States v. Lennon,* 751 F.2d 737 (5th Cir.1985), the Fifth Circuit, necessarily faced with § 2(b), it having been cited in the indictment, held that it could be disregarded as "mere surplusage," permitting it to rely on the "[s]ection 2314 ... 'causing' provision" that required no knowledge, noted in *Ludwig. Id.* at 741. There was, of course, no such in the relevant first paragraph.

Recently, in *United States v. Lack,* 129 F.3d 403 (7th Cir.1997) the Seventh Circuit charged defendant under § 2314 in connection with the interstate clearing of stolen checks. The court cited *Pereira,* and on the facts was correct in its decision. But it also cited with approval *Ludwig* 's denial that § 2314 "requires that the defendant have knowledge of the interstate

transportation or that such transportation be reasonably foreseeable to him." *Id.* at 410.

We have cited these cases to indicate the mistreatment of this subject and not to influence our own decision. Some thirty-five years ago we took notice that a similar transportation statute (stolen firearms, 15 U.S.C. § 902(g)), except that willfulness was not needed, did require knowledge, or at least reasonable grounds to know. *See Nicolopoulos v. United States,* 332 F.2d 247, 248 (1st Cir.1964). For this we relied on *Pereira v. United States* without noting, presumably since neither mentioned nor relevant, willfulness. *See id.* What knowledge is required to make willfulness?

We have considered this question on occasion, using words like "deliberately," *United States v. Andrade,* 135 F.3d 104, 110 (1st Cir.1998), "awareness," *United States v. Cowden,* 545 F.2d 257, 263 (1st Cir.1976), and "aware," *United States v. Van Dusen,* 431 F.2d 1278, 1281 (1st Cir. 1970). At the same time, "willfully" is a strong word, particularly when it has been added by special amendment to limit the meaning of "causes." *See ante.* We note two sister circuits which, unlike the others cited, at least require the government to prove knowledge or reasonable expectation and suggest where mere knowledge or expectation may not be enough.

In *United States v. Scandifia,* 390 F.2d 244 (2d Cir.1968) *vacated on other grounds sub nom Giordano v. United States,* 394 U.S. 310, 89 S.Ct. 1163, 22 L.Ed.2d 297 (1969), the defendant was convicted of willfully causing interstate transportation of counterfeit securities, a violation of the third paragraph of § 2314, which also relies on § 2(b) for its "causing" alternative. In affirming the conviction, the court rejected any suggestion that ignorant causation-in-fact was sufficient to support a conviction, and outlined its requirement:

> In the absence of some evidence that Scandifia intended, knew, or could have reasonably foreseen that the innocent persons to whom he entrusted the bonds

would take them across state lines, we question whether the jury would have been justified in concluding that he did more than provide others with the opportunity to do that which the law forbids. And, *to provide an opportunity would not seem ipso facto to brand one as the causer.* Moreover, the causer as a principal has been eliminated from 18 U.S.C. § 2314, and since the 1951 amendment, 18 U.S.C. § 2(b) has required that the defendant *wilfully* cause the forbidden act to be done.

*Id.* at 249 (citation omitted; first emphasis added). Defendant had an interest and was very close to the opportunity, so he was properly convicted, but might there be a known opportunity too remote to the defendant's interest to count against him?

Suppose a jeweler is selling stolen diamond rings to bona fide purchasers. He might select buyers from away for safety's sake. But suppose he indifferently offered to all comers, without inquiry or regard to their addresses. Would he come within the statute with respect to those customers who showed a "strong likelihood" that they came from another state, if that transporting was a mere happenstance? Suppose the seller knew the buyer of a stolen painting planned it for his local home, but also knew, or should have known, that the buyer's trucker's route would detour over the state line and back. Willful?

The opinion in *United States v. Berlin,* 472 F.2d 13 (9th Cir.1973) contains interesting thoughts. That case involved § 2312, the Dyer Act, so-called, covering interstate transportation of stolen automobiles. The court remarked that sometimes personal property was apt to cross state lines quite apart from any concern, purpose, or interest of the seller, concluding that only what was of the seller's interest or purpose in the particular operation should count.

Section 2(b) does, as appellants contend, have overtones of agency, and, in our judgment, the willful causation to which it refers must be purposeful rather than be based simply upon reasonable foreseeability.

*Id.* at 14. The court, however, with which we readily agree, felt this limitation would not help its defendants, as their operation was manifestly designed to handle stolen cars for out-of-state buyers. *See id.* at 15. Would it help this defendant?

The word "willfully" was not mentioned in *Pereira,* let alone defined, but if we were moved to find ourselves free to adopt the *Berlin* limitation, or, more exactly, requirement, it would not help defendant. It is true that the district court's expressed finding that defendant willfully caused the interstate transportation contained no statement that it was intentional, or served his purpose, but neither was there a relevant exception taken. Defendant saved his rights, we have accepted, in his stipulation, "Defendant contests the legal conclusion that the jurisdictional interstate commerce element is met." This he paraphrased in his brief as the issue: "Was the evidence sufficient?" The answer to that question is clear even within the *Berlin* rule. The agreed facts warranted an inference that, in picking an out-of-state buyer on four occasions, defendant, with hot goods, affirmatively intended to distance them from himself. An acceptable inference is evidence of record. That the court failed to find it is not an issue raised in this appeal.

*Affirmed.*