USCA1 Opinion

 

 United States Court of Appeals
 For the First Circuit

No. 98-1604

 UNITED STATES OF AMERICA,

 Appellee,

 v.

 ERIC LEPPO,

 Defendant, Appellant.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Robert E. Keeton, U.S. District Judge]

 Before

 Torruella, Chief Judge,
 Aldrich and Cudahy, Senior Circuit Judges.
 
 
 
 
 Francis J. DiMento with whom DiMento & Sullivan, James H.
Feldman, Jr., and Law Offices of Alan Ellis were on brief for
appellant.
 Jeanne M. Kempthorne, Assistant United States Attorney, with
whom Donald K. Stern, United States Attorney, was on brief for
appellee.

May 27, 1999

 ALDRICH, Senior Circuit Judge. Eric Leppo was indicted
for and ultimately found guilty of causing the interstate
transportation of stolen commercial polyester film in violation of
18 U.S.C. 2314 and, see post, 2(b). His appeal is from the
final judgment. Nowhere in the record is there to be found any
expressed saving of rights. In his brief defendant's statement of
the issue reads, "Was the evidence sufficient . . . ?" The
government does not claim defendant did not adequately save this
question, and we accept. Where the facts were agreed to, and the
court discussed legal adequacy with counsel at length, it would be
unfair to do otherwise. However, we affirm.
 The first paragraph of 2314, and the one to which we
refer, presently reads as follows:
 Whoever transports, transmits, or transfers in
 interstate or foreign commerce any goods,
 wares, merchandise, securities or money, of
 the value of $5,000 or more, knowing the same
 to have been stolen, converted, or taken by
 fraud [shall be punished.]

This provision, lacking "cause," was enacted in 1948 in
consolidating several sections from the 1940 edition of the United
States Code. See Act of June 25, 1948, ch. 645, 62 Stat. 683, 806. 
The relevant predecessor section had provided punishment for those
who cause such interstate transportation as well: "Whoever shall
transport or cause to be transported in interstate or foreign
commerce any goods . . ." 18 U.S.C. 415 (1940) (emphasis added). 
"[C]ause" was transferred to 2(b) in the same act of 1948. See
ch. 645, 62 Stat. at 684. In 1951, without explanation, Congress
modified "causes" by adding "willfully":
 2 Principals
 (b) Whoever willfully causes an act to be
 done which if directly performed by him or
 another would be an offense against the United
 States, is punishable as a principal.

Act of Oct. 31, 1951, ch. 655, 17b, 65 Stat. 710, 717. Thus,
since 1948 the word "causes" has not appeared in 2314, appearing
instead in 2(b), and since 1951 it has there been modified by
"willfully." Section 2314 applies to transporters; 2(b) to one
who willfully causes one to act. See, e.g., quotation from United
States v. Scandifia, post.
 This case was tried to the court on defendant's
stipulation to the factual allegations in the indictment,
defendant's claim being that they were legally insufficient. 
Summarizing this agreement, defendant purchased quantities of
commercial polyester film delivered to his Massachusetts place of
business intending (successfully) not to pay for it. He sold four
shipments to a Connecticut buyer, Ultra-Vac, who was ignorant of
the fraud. It, or its designated trucker, took delivery in
Massachusetts of the shipments, each worth over $5,000, to be taken
to Connecticut. Defendant had nothing to do with the shipment. He
knew that this was the program, but disclaimed statutory coverage.
 In finding defendant guilty the court stated that it
acted under 2314 and rejected 2(b) because it was not recited
in the indictment. In spite of this it went on to say that the
issue was "whether the defendant, quote, willfully caused, unquote,
the transportation across state lines." Continuing, it stated that
"'willfully caused' means that the defendant must have the state of
mind of knowing that his conduct is creating a likelihood -- not a
certainty, but I would say a strong likelihood -- that the goods
will be transported across state lines as a result of his conduct." 
Thus self-instructed as to willfully caused, the court found it
existed.
 While the court erred as to 2314 rather than taking
these words from 2(b), the error, word-wise, was harmless. The
words applied automatically to 2314 because 2(b) is a general
definitional statute. See United States v. Sabatino, 943 F.2d 94,
99-100 (1st Cir. 1991). Our question, therefore, is whether the
court's interpretation of those words was correct. We add, in
passing, that it was narrower than the government's, which is that
no knowledge is necessary.
 Because of wide national disagreement on this important
subject, we will start with circuits that support the government's
position. We begin with the Eighth. In United States v. Ludwig,
523 F.2d 705 (8th Cir. 1975), the district court had convicted
defendants under 2314 of causing two converted checks to be
transported in interstate commerce by presenting them for payment. 
The cashing bank and the drawee bank were in the same state and
defendants had no knowledge or notice that their clearing practice
involved interstate transportation of the checks. See id. at 706. 
Defendants argued that the government's failure to prove reasonable
foreseeability should have resulted in their acquittal, but the
court concluded that such proof was not necessary. See id. at 706-
707. For this it relied in part on Pereira v. United States, 347
U.S. 1 (1954), but without noticing its clear language. The
Pereira Court had obtained the word "cause" not from 2314 (first
paragraph), but from 2(b):
 [I]t is not necessary to show that petitioners
 actually mailed or transported anything
 themselves; it is sufficient if they caused it
 to be done. 18 U.S.C. (Supp. V) 2(b).

Id. at 8. At the same time, while making no mention of 2(b)'s
word "willfully," it clearly based "caused" on defendant's
knowledge and intent:
 When Pereira delivered the check, drawn on an
 out-of-state bank, to the El Paso bank for
 collection, he "caused" it to be transported
 in interstate commerce. It is common
 knowledge that such checks must be sent to the
 drawee bank for collection, and it follows
 that Pereira intended the El Paso bank to send
 this check across state lines.

Id. at 9. This finding of knowledge and intent was, of course,
precisely inapplicable to Ludwig.
 On Ludwig's facts the District of Columbia Circuit
followed Ludwig's resolution. See United States v. Scarborough,
813 F.2d 1244, 1245-46 (D.C. Cir. 1987). The Tenth Circuit, on the
other hand, faced the same situation as that in Pereira, and cited
it to support its affirmance. It went on to say, however, as the
court in Ludwig did, that actual knowledge of the interstate
transportation was not required. See United States v. Newson, 531
F.2d 979, 981 (10th Cir. 1976).
 In United States v. Lennon, 751 F.2d 737 (5th Cir. 1985),
the Fifth Circuit, necessarily faced with 2(b), it having been
cited in the indictment, held that it could be disregarded as "mere
surplusage," permitting it to rely on the "[s]ection 2314 . . .
'causing' provision" that required no knowledge, noted in Ludwig. 
Id. at 741. There was, of course, no such in the relevant first
paragraph.
 Recently, in United States v. Lack, 129 F.3d 403 (7th
Cir. 1997) the Seventh Circuit charged defendant under 2314 in
connection with the interstate clearing of stolen checks. The
court cited Pereira, and on the facts was correct in its decision. 
But it also cited with approval Ludwig's denial that 2314
"requires that the defendant have knowledge of the interstate
transportation or that such transportation be reasonably
foreseeable to him." Id. at 410.
 We have cited these cases to indicate the mistreatment of
this subject and not to influence our own decision. Some thirty-
five years ago we took notice that a similar transportation statute
(stolen firearms, 15 U.S.C. 902(g)), except that willfulness was
not needed, did require knowledge, or at least reasonable grounds
to know. See Nicolopoulos v. United States, 332 F.2d 247, 248 (1st
Cir. 1964). For this we relied on Pereira v. United States without
noting, presumably since neither mentioned nor relevant,
willfulness. See id. What knowledge is required to make
willfulness?
 We have considered this question on occasion, using words
like "deliberately," United States v. Andrade, 135 F.3d 104, 110
(1st Cir. 1998), "awareness," United States v. Cowden, 545 F.2d
257, 263 (1st Cir. 1976), and "aware," United States v. Van Dusen,
431 F.2d 1278, 1281 (1st Cir. 1970). At the same time, "willfully"
is a strong word, particularly when it has been added by special
amendment to limit the meaning of "causes." See ante. We note two
sister circuits which, unlike the others cited, at least require
the government to prove knowledge or reasonable expectation and 
suggest where mere knowledge or expectation may not be enough.
 In United States v. Scandifia, 390 F.2d 244 (2d Cir.
1968) vacated on other grounds sub nom Giordano v. United States,
394 U.S. 310 (1969), the defendant was convicted of willfully
causing interstate transportation of counterfeit securities, a
violation of the third paragraph of 2314, which also relies on
 2(b) for its "causing" alternative. In affirming the conviction,
the court rejected any suggestion that ignorant causation-in-fact
was sufficient to support a conviction, and outlined its
requirement:
 In the absence of some evidence that Scandifia
 intended, knew, or could have reasonably
 foreseen that the innocent persons to whom he
 entrusted the bonds would take them across
 state lines, we question whether the jury
 would have been justified in concluding that
 he did more than provide others with the
 opportunity to do that which the law forbids. 
 And, to provide an opportunity would not seem
 ipso facto to brand one as the causer. 
 Moreover, the causer as a principal has been
 eliminated from 18 U.S.C. 2314, and since
 the 1951 amendment, 18 U.S.C. 2(b) has
 required that the defendant wilfully cause the
 forbidden act to be done.

Id. at 249 (citation omitted; first emphasis added). Defendant had
an interest and was very close to the opportunity, so he was
properly convicted, but might there be a known opportunity too
remote to the defendant's interest to count against him?
 Suppose a jeweler is selling stolen diamond rings to bona
fide purchasers. He might select buyers from away for safety's
sake. But suppose he indifferently offered to all comers, without
inquiry or regard to their addresses. Would he come within the
statute with respect to those customers who showed a "strong
likelihood" that they came from another state, if that transporting
was a mere happenstance? Suppose the seller knew the buyer of a
stolen painting planned it for his local home, but also knew, or
should have known, that the buyer's trucker's route would detour
over the state line and back. Willful?
 The opinion in United States v. Berlin, 472 F.2d 13 (9th
Cir. 1973) contains interesting thoughts. That case involved
 2312, the Dyer Act, so-called, covering interstate transportation
of stolen automobiles. The court remarked that sometimes personal
property was apt to cross state lines quite apart from any concern,
purpose, or interest of the seller, concluding that only what was
of the seller's interest or purpose in the particular operation
should count.
 Section 2(b) does, as appellants
 contend, have overtones of agency, and, in our
 judgment, the willful causation to which it
 refers must be purposeful rather than be based
 simply upon reasonable foreseeability.

Id. at 14. The court, however, with which we readily agree, felt
this limitation would not help its defendants, as their operation
was manifestly designed to handle stolen cars for out-of-state
buyers. See id. at 15. Would it help this defendant?
 The word "willfully" was not mentioned in Pereira, let
alone defined, but if we were moved to find ourselves free to adopt
the Berlin limitation, or, more exactly, requirement, it would not
help defendant. It is true that the district court's expressed
finding that defendant willfully caused the interstate
transportation contained no statement that it was intentional, or
served his purpose, but neither was there a relevant exception
taken. Defendant saved his rights, we have accepted, in his
stipulation, "Defendant contests the legal conclusion that the
jurisdictional interstate commerce element is met." This he
paraphrased in his brief as the issue: "Was the evidence
sufficient?" The answer to that question is clear even within the
Berlin rule. The agreed facts warranted an inference that, in
picking an out-of-state buyer on four occasions, defendant, with
hot goods, affirmatively intended to distance them from himself. 
An acceptable inference is evidence of record. That the court
failed to find it is not an issue raised in this appeal.
 Affirmed.